THE STATE OF OHIO, APPELLEE, *v.* STERN, APPELLANT.

(No. 11728—Decided October 24, 1984.)

*Gary M. Rosen,* city attorney, for appellee.

*William E. Stern, pro se.*

*Per Curiam.* The defendant-appellant, William E. Stern, appeals the judgment of the municipal court denying his motion for a copy of his misdemeanor presentence investigation report. This court affirms.

Stern was found guilty of driving while under the influence of alcohol in 1982. As a result, a presentence investigation report was ordered and prepared. After completing an alcohol treatment program, Stern was placed on six months' probation. In July 1983, Stern was convicted of aggravated murder and sentenced to life imprisonment.

On April 18, 1984, Stern filed a motion with the municipal court for the production of those documents related to his driving while under the influence (D.U.I.) case. On May 4, 1984, that court ordered that Stern be furnished a copy of the case file. However, the municipal court denied Stern's further request for a copy of the presentence investigation report. Stern appeals that denial raising the following assignments of error:

"1. The trial court erred in denying appellant's motion for production of documents under equal application of law pursuant to Criminal Rule 32 of the Rules of Criminal Procedure for the following reasons:

"(A) Appellant was denied his constitutional right to due process of law under the Fourteenth Amendment of the United States Constitution, and Article I, Section 16 of the Ohio Constitution.

"2. The trial court erred in denying

appellant's motion for production of documents, motion for reconsideration, and memorandum in support, by not applying the extraordinary circumstances involved with appellant's former counsel to the instant case before the bar, and therefore prejudicial error occurred by said denial.

"3. The trial court committed prejudicial error by not applying the liberal standards of construing a pro se layman's pleadings to less stringent standards than those drawn by an attorney, thereby requiring appellant to show cause under the same standards of those applied to an attorney."

Stern argues that Crim. R. 32.2 (C)(1) entitles him to the presentence investigation report prepared for purposes of sentencing in his D.U.I. case because of his subsequent conviction for aggravated murder. Crim. R. 32.2(C)(1) provides:

"*Except in cases of aggravated murder*, the report of the presentence investigation shall be confidential and need not be furnished to the defendant or his counsel or the prosecuting attorney unless the court, in its discretion, so orders." (Emphasis added.)

The exception in Crim. R. 32.2(C)(1) applies to the presentence investigation report prepared for purposes of sentencing in an aggravated murder case. It does not apply to other cases. Here, Stern is seeking the presentence investigation report prepared for sentencing in his D.U.I. case, not his aggravated murder case. Therefore, the exception provided by Crim. R. 32.2(C)(1) is inapplicable.

Further, a presentence investigation report is a confidential report. The decision to furnish this report to Stern is within the trial court's discretion. *State v. Bayless* (1982), 4 Ohio App. 3d 301. Based on the record in this appeal, this court finds that Stern has failed to demonstrate that the trial court abused its discretion.

Accordingly, these assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., GEORGE and DAHLING, JJ., concur.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.