The STATE of Ohio, Appellee,

v.

ROBERSON, Appellant.

[Cite as *State v. Roberson* (2001), 141 Ohio App.3d 626.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–00–029.

Decided March 16, 2001.

*Alan Mayberry,* Wood County Prosecuting Attorney, and *Gary D. Bishop,* Assistant Prosecuting Attorney, for appellee.

*William V. Stephenson,* for appellant.

GLASSER, Judge.

This case is on appeal from the March 29, 2000 judgment of the Wood County Court of Common Pleas which sentenced appellant, Eric D. Roberson, following his conviction of robbery, a violation of R.C. 2911.02(A)(2). On appeal, appellant asserts the following assignments of error:

"FIRST ASSIGNMENT OF ERROR

"Revised Code 2951.03(B)(1), which mandates the non-disclosure of relevant sentencing information to a defendant or his counsel (other than a 'summary') is an unconstitutional violation of a defendant's right to effective assistance of counsel. Revised Code 2951.03(C), which prohibits appellate review of the matter, is a self-evident violation of defendant's constitutional rights.

"SECOND ASSIGNMENT OF ERROR

"Revised Code 2951.03(B)(1), as applied by the trial court, is an unconstitutional violation of a defendant's right to effective assistance of counsel.

"THIRD ASSIGNMENT OF ERROR

"The trial court erroneously interpreted Revised Code 2929.12(B)(7) regarding 'offenses committed for hire or as a part of organized criminal activity' to apply to a defendant not acting for hire and engaged alone in criminal activity."

In his first assignment of error, appellant argues that the provisions of R.C. 2951.03(B)(1), which limits his access to certain sentencing information, and R.C.

2951.03(C), which precludes appellate review of certain trial court decisions, violate his constitutional right to effective assistance of counsel and deny him due process. Alternatively, in his second assignment of error, appellant contends that R.C. 2951.03(B)(1) is unconstitutional as applied to his case and that the trial court failed to comply with the requirements of R.C. 2951.03(B)(3).

Crim.R. 32.2 provides:

"In felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation."

R.C. 2951.03(B)(1), (B)(3), and (C) provide:

"(B)(1) If a presentence investigation report is prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:

"(a) Any recommendation as to sentence;

"(b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;

"(c) Any sources of information obtained upon a promise of confidentiality;

"(d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.

"* * * *

"(3) If the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence. The court shall permit the defendant and the defendant's counsel to comment upon the oral or written summary of the report.

"* * * *

"(C) A court's decision as to the content of a summary under division (B)(3) of this section or as to the withholding of information under division (B)(1)(a), (b), (c), or (d) of this section shall be considered to be within the discretion of the court. No appeal can be taken from either of those decisions, and neither of those decisions shall be the basis for a reversal of the sentence imposed."

Appellant contends that R.C. 2951.03, which bars him from seeing the entire presentence investigation report, prevents his appointed counsel from being able to fully and fairly participate in the adversarial factfinding process. He contends that he has been denied due process and his Sixth Amendment right to effective assistance of counsel because the court made its sentencing decision based upon secret information in the presentence report that not even the court of appeals may review. He argues that his counsel was unable to determine whether the recommendation was based upon accurate or complete information and, therefore, was unable to present any rebuttal or mitigating evidence. Finally, he contends that the legislature violated the United States and Ohio Constitutions by creating a statute precluding appellate review of the trial court's determination of what presentence information shall be withheld.

The Sixth Amendment to the United States Constitution guarantees the individual's right to effective assistance of counsel during a criminal prosecution. This right applies to all critical stages of the criminal proceeding where substantial rights of the accused may be affected. *Coleman v. Alabama* (1970), 399 U.S. 1, 7, 90 S.Ct. 1999, 2002, 26 L.Ed.2d 387, 395–396. The United States Supreme Court has recognized that this right extends through the sentencing stage. *Gardner v. Florida* (1977), 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–1205, 51 L.Ed.2d 393, 402. The question becomes how much process is due.

The ultimate test of whether appointed counsel rendered ineffective assistance of counsel is whether the defendant had a fair trial. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 368–369, 113 S.Ct. 838, 841–843, 122 L.Ed.2d 180, 188–189, and *State v. Hester* (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus, overruled in part on other grounds by *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169. Furthermore, the United States Supreme Court has held that appointed counsel cannot be restricted in defending a criminal prosecution within the parameters of our judicial system. Thus, the appointed counsel must have the "opportunity to participate fully and fairly in the adversary factfinding process." *Herring v. New York* (1975), 422 U.S. 853, 858, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593, 598.

Most recently, the United States Supreme Court has held that a defendant is denied due process if he is sentenced to death based in part upon information in a presentence investigation report that he had no opportunity to deny or explain. *Gardner v. Florida, supra.* However, the court did not overrule its holding in an earlier case, *Williams v. New York* (1949), 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337. See, also, *Williams v. Oklahoma* (1959), 358 U.S. 576, 584, 79 S.Ct. 421, 426, 3 L.Ed.2d 516, 521–522, a similar case. In *Williams v. New York*, the court held that the Due Process Clause is not violated by a statute that permits the judge to alter a convicted defendant's life sentence to a death sentence based on a

presentence investigation report even though the defendant could not challenge the accuracy of the information through confrontation of the witnesses. *Id.* at 251, 69 S.Ct. at 1085, 93 L.Ed. at 1344. The court reasoned that the report serves a beneficial purpose for appropriately sentencing an individual based upon his circumstances rather than just the type of crime committed and it would be too time-consuming to have to prove all of the information in the report. *Id.* The *Gardner* court distinguished *Williams v. New York* on the basis that the *Williams* court had stated the facts of the report on the record. The *Gardner* court also recognized that the attitude toward the death penalty had changed dramatically over the last thirty years and that rehabilitation is not a real concern in a death penalty case. *Id.* at 357–358, 97 S.Ct. at 1204–1205, 51 L.Ed.2d at 401–402. Consequently, the *Williams v. New York* case is still cited in support of a holding that a defendant does not have a right to confront the witnesses who supplied information for the presentence investigation report. *United States v. Silverman* (C.A.6, 1992), 976 F.2d 1502, 1507–1514, certiorari denied (1993), 507 U.S. 990, 113 S.Ct. 1595, 123 L.Ed.2d 159.

Whether the *Gardner* holding applies to cases involving non-death penalty sentences is unclear. In two non-death penalty cases, the United States Supreme Court held that the Due Process Clause is violated when a defendant's sentence is based upon erroneous information. In *United States v. Tucker* (1972), 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, a defendant's sentence was based on crimes he had admitted to having committed but his convictions had been overturned because of constitutional violations. In *Townsend v. Burke* (1948), 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, a defendant's sentence was based upon erroneous information and he was unrepresented at the time of sentencing. Neither of these cases addresses the issue of whether the presentence information had to be revealed to the defendant. All of the cases, however, indicate that sentencing based on significant erroneous information is unconstitutional. See, also, *Roberts v. United States* (1980), 445 U.S. 552, 556, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622, 627–628.

*Kent v. United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, further confuses the issue. In the *Kent* case, the court held that while the court had discretion to determine whether a child should be tried as an adult, its procedures for making its determination had to comply with the principles of due process and fairness. *Id.* at 553, 86 S.Ct. at 1053, 16 L.Ed.2d at 92–93. Therefore, the court concluded that the juvenile's counsel should have had full access to the child's social records, that there is no "irrebuttable presumption of accuracy attached to staff reports," and that a judge cannot make a decision based upon "secret information." *Id.* at 563, 86 S.Ct. at 1058, 16 L.Ed.2d at 98–99. The court reasoned that "while nondisclosure may contribute to the comfort

of the staff, disclosure does not cause heaven to fall." *Id.* at 564, 86 S.Ct. at 1058, 16 L.Ed.2d at 99, fn. 32. One would expect more leniency toward nondisclosure in a juvenile case because the issue of rehabilitation is more significant.

While appellee cites some cases that have held that the *Gardner* holding is limited to death penalty cases, those cases centered around the issue of whether the court can consider confidential nonfactual material during sentencing and not the issue of disclosure. See *Levin v. State* (Fla.App.1977), 348 So.2d 1189, and *McClendon v. Florida* (Fla.App.1991), 589 So.2d 352, 354 (which noted that the Florida courts have reversed sentences where factual material was included in the confidential portion of the report).

Decisions of lower courts prior to the *Gardner* decision in 1977 held that the Due Process Clause is not violated by a sentence that was imposed based upon information in a presentence report to which the defendant was not privy. *United States v. Lowe* (C.A.6, 1973), 482 F.2d 1357 (relying upon *Williams v. New York, supra,* as an analogous case); and *United States v. Dockery* (C.A.D.C. 1971), 447 F.2d 1178, certiorari denied (1971), 404 U.S. 950, 92 S.Ct. 299, 30 L.Ed.2d 266 (federal rules permit disclosure if court decides to do it, but no requirement to do so under the Due Process Clause or Sixth Amendment right to effective assistance of counsel).

More recent decisions, however, tend to go the other way and hold that the Due Process Clause "requires that a defendant be afforded an opportunity to ensure that the information considered at a sentencing hearing is accurate and reliable." *United States v. Sciacca* (C.A.8, 1989), 879 F.2d 415, 416. See, also, *United States v. Romano* (C.A.2, 1987), 825 F.2d 725, 728. The conflicting holdings are noted in Spivey, Annotation, Defendant's Right to Disclosure of Presentence Report (1971 Supp.), 40 A.L.R.3d 681, Sections 3, 6, and 8.

The Ninth District Court of Appeals has, on several occasions, addressed the constitutionality of Ohio's presentence investigation statute. See *State v. Gotsis* (1984), 13 Ohio App.3d 282, 13 OBR 346, 469 N.E.2d 548; *State v. Stern* (1984), 20 Ohio App.3d 65, 20 OBR 69, 484 N.E.2d 255; and *State v. Bayless* (1982), 4 Ohio App.3d 301, 4 OBR 552, 448 N.E.2d 511. However, in these three cases, the court either avoided the constitutional issue or summarily dismissed the constitutional claim in dicta.

■ We conclude that the *Gardner* holding requiring full disclosure applies only to death penalty cases where rehabilitation is no longer an issue. Under Ohio's statute, the defendant is entitled to see the factual parts of the report. The defendant's access is limited only in the areas of sentencing recommendations, diagnostic opinions if necessary to preserve rehabilitation efforts, confidential source information, and any other information which would put someone's life

at risk. We find that these four narrow limitations are reasonable. The court's need for such information to formulate an appropriate sentence and the need to protect certain sources of information outweigh any burden nondisclosure would have on the defense.

In this case, the trial court's judgment indicates that the only portion of the presentence report that defendant was barred from viewing was the probation officer's recommendations. We recognize a defendant's right to know the facts presented in the presentence report, but we find that there is no compelling reason that sentencing recommendations need to be disclosed.

Appellant also claims that R.C. 2951.03(C) is unconstitutional because it precludes appellate review of the court's discretionary decision regarding the content of the presentence investigation report or its discretionary decision not to disclose certain information. We need not reach this issue, since appellant never challenged that the court abused its discretion in this case. The issue of whether we can review these discretionary decisions is not properly before us.

■ Appellant also asserts that the trial court failed to comply with R.C. 2951.03(B)(3) and state, orally or in writing, a summary of the information that was not disclosed pursuant to R.C. 2951.03(B)(1). We disagree. The court is required to make a statement only of the factual information that is not disclosed. In this case, the only statements that were not disclosed were the probation officer's recommendations, which constitute his opinion and not "factual information" contemplated by the statute. The court clearly identified the excluded information as the probation officer's recommendations.

Therefore, we find appellant's first and second assignments of error not well taken.

Finally, in his third assignment of error, appellant argues that the trial court erred by applying R.C. 2929.12(B)(7) to him.

R.C. 2929.12(B)(7) provides:

"(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

" * * *

"(7) The offender committed the offense for hire or as a part of an organized criminal activity."

Appellant contends that he was acting alone or at most had a simple accomplice. Appellant pled guilty to one count of robbery. He was accused of purse snatching with an element of force. In the presentence investigation report,

appellant stated that he had committed a similar offense the following month, that he had committed the offenses with an accomplice, that he used and sold drugs at the time, and that he had stolen the purses in order to obtain money to purchase drugs.

The trial court indicated that it had found three of the factors of R.C. 2929.12(B) applied in this case, indicating that this offense was more serious than conduct normally constituting the offense. It found that the victim's injury was "exacerbated by her physical/mental condition or age"; that the "[v]ictim suffered serious physical, psychological or economic harm"; and that the "[o]ffender acted for hire or as part of organized criminal activity."

■ Upon a review of the statute, we find that the legislature never intended the type of criminal activity in this case to be classified as organized criminal activity. The mere fact that he may have had an accomplice is insufficient to constitute an "organized" crime. Since the court also found that two other seriousness factors existed, we remand this case to the trial court for resentencing. Only the trial court can determine whether the existence of the other two factors alone would support the sentence imposed.

Accordingly, appellant's third assignment of error is well taken.

Having found that the trial court did commit error prejudicial to appellant, we reversed in part the judgment of the Wood County Court of Common Pleas. The judgment is reversed only with regard to the sentence imposed. In all other respects, the judgment is affirmed. This case is remanded for re-sentencing as outlined above. Pursuant to App.R. 24, appellant and appellee are hereby ordered to equally share the court costs incurred on appeal.

*Judgment affirmed in part*
*and reversed in part.*

PIETRYKOWSKI, P.J., and SHERCK, J., concur.

GEORGE M. GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.