DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas. After defendant-appellant Juan Martinez pled guilty to four counts of trafficking in marijuana in violation of R.C. 2925.03(A), the court sentenced him to three concurrent terms of incarceration of seventeen months each and one term of incarceration of seventeen months to be served consecutively to the first three. Appellant now challenges those sentences, raising the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IGNORING THE STANDARD SET FORTH BY THIS COURT IN STATE V. ROBERSON, CASE NO. 00-WD-029 [sic]; THE TRIAL COURT, UNDER THE GUIZE [sic] OF REVISED CODE SECTION 2929.12(B), FOUND DEFENDANT ACTED FOR HIRE OR AS PART OF ORGANIZED CRIMINAL ACTIVITY, WHEN THE RECORD IS CLEAR THAT HE WAS THE ONLY ONE WHO SOLD MARIJUANA OUT OF HIS HOME.
"SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT `THE HARM CAUSED BY THE MULTIPLE OFFENSES WAS SO GREAT OR UNUSUAL THAT NO SINGLE PRISON TERM FOR ANY OF THE OFFENSES COMMITTED AS PART OF A SINGLE COURSE OF CONDUCT ADEQUATELY REFLECTS THE SERIOUSNESS OF THE OFFENDER'S CONDUCT' WHEN THE RECORD IS CLEAR THAT DEFENDANT HARMED NO PERSON OR PROPERTY."
On July 26, 2000, officers of the Fostoria Police Department executed a search warrant on appellant's home after completing a controlled purchase of marijuana from appellant at that home. As a result of that search, officers confiscated approximately 9.5 kilograms of marijuana. Appellant was subsequently indicted and charged with four counts of trafficking in marijuana in violation of R.C. 2925.03(A), all fourth degree felonies, and one count of possession of marijuana in violation of R.C. 2925.11(A), a third degree felony. After the trial court denied appellant's motion to suppress, appellant withdrew his former plea of not guilty and entered a plea of guilty to the four trafficking in marijuana charges. The state dismissed the possession of marijuana charge. The court then ordered a presentence investigation report and set the matter for sentencing.
On April 10, 2001, the matter came on for sentencing at which appellant gave a statement. Thereafter, the court questioned appellant about information revealed by the presentence report. The court then further asked appellant how long he had been involved in the use, purchase and sale of drugs in Fostoria, and how many people from whom he had bought drugs and to whom he had sold drugs. Appellant responded that he had used and sold drugs in Fostoria for about three years and had sold drugs to approximately five people during that time. With regard to his purchase of drugs, appellant stated that he had never bought drugs but that three people during the past three years had given him drugs to sell.
The court then sentenced appellant to three concurrent terms of imprisonment of seventeen months each and one term of imprisonment of seventeen months to be served consecutively to the first three terms. The sentences were all for fourth degree felonies and all for violations of R.C. 2925.03(A).
At the outset, we note that a defendant who pleads guilty to a fourth degree felony may appeal a prison sentence that was imposed pursuant to R.C. 2929.13 and that includes the trial court's finding that one or more of the factors listed in R.C. 2929.13(B)(1) apply to the defendant, on the ground that the sentence is contrary to law. R.C. 2953.08(A)(2) and (4). In reviewing such an appeal, the appellate court may increase, reduce or otherwise modify the sentence or may vacate the sentence and remand the matter for resentencing where it is established by clear and convincing evidence that the record does not support the sentencing court's findings made pursuant to R.C. 2929.13(B) or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 477.
R.C. 2929.14(A) provides that the maximum prison term for a fourth degree felony is eighteen months. In sentencing an offender for a fourth degree felony, R.C. 2929.13(B)(1) directs the court to determine whether any of the following apply:
 "(a) In committing the offense, the offender caused physical harm to a person.
 "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321
[2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
"(g) The offender previously served a prison term.
 "(h) The offender previously committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 "(i) The offender committed the offense while in possession of a firearm."
In addition to determining whether any of the above listed factors apply, the court must look to R.C. 2929.12 in determining an appropriate sentence. That statute provides that a sentencing court has discretion to determine the most effective way to protect the public from future crime by the offender and others and to punish the offender. In exercising that discretion, R.C. 2929.12(A) directs the sentencing court to consider the factors set forth in R.C. 2929.12(B) and (C), relating to the seriousness of the offender's conduct:
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(9) If the offense is a violation of section 2919.25
or a violation of section 2903.11, 2903.12, or 2903.13
of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
In addition, the court is required to consider the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism:
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not be rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
 "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense."
Then, if the court makes a finding pursuant to R.C. 2929.13(B)(1) and if the court, after considering the R.C. 2929.12 factors, "finds that a prison term is consistent with the purposes and principles of sentencing set forth in section R.C. 2929.11 * * * and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender." R.C. 2929.13(B)(2)(a). Finally, before imposing consecutive sentences for multiple offenses, the trial court must find:
 "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
A trial court must articulate its reasons for imposing consecutive sentences on a defendant. R.C. 2929.19(B)(2)(c).
In its judgment entry of sentence, the trial court stated that it had considered the record, all statements, the presentence report, any victim impact statements submitted and the purposes and principles of sentencing under R.C. 2929.11, R.C. 2929.12 and R.C. 2929.13. The court then expressly found, pursuant to R.C. 2929.13(B)(1), that appellant had previously served a prison term and that the present offenses were committed while appellant was under a community control sanction. With regard to the seriousness factors, the court found under R.C. 2929.12(B), that appellant acted for hire or as part of organized criminal activity, making his conduct more serious than conduct normally constituting marijuana trafficking. The court did not find any factors making appellant's conduct less serious than conduct normally constituting the offense. Regarding the recidivism factors, the court found the following factors making recidivism more likely: appellant committed the offense while on bail, awaiting sentencing, under a community control sanction or under post-release control; appellant has a history of criminal convictions or delinquency adjudications; and appellant has not responded favorably to sanctions previously imposed. The court found no factors which would indicate that recidivism was less likely. Finally, in support of the consecutive sentences given, the court specifically found that appellant committed the multiple offenses while he was under post-release control, that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflected the seriousness of appellant's conduct, and that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crimes by appellant. Upon making these findings, the court concluded that consecutive sentences were necessary to protect the public from future crimes and to punish appellant and that consecutive sentences were not disproportionate to the seriousness of appellant's conduct or to the danger appellant posed to the public.
Appellant now challenges his sentences on the grounds that they were contrary to law. Specifically, appellant contests the trial court's findings that he acted as part of an organized criminal activity and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the appellant's conduct.
Appellant's first argument addresses the trial court's finding that because he acted as part of an organized criminal activity, appellant's conduct was more serious than conduct normally constituting the offense of trafficking in marijuana. Appellant asserts that because the evidence is clear that he acted without an accomplice and bought and sold drugs entirely by himself, the court's finding is contrary to law. Appellant cites this court's holding in State v. Roberson (2001),141 Ohio App.3d 626, in support. In Roberson, the defendant was convicted of robbery after being accused of purse snatching with an element of force. In the presentence investigation report, the defendant admitted that he had committed similar offenses with an accomplice and that he stole purses in order to obtain money to purchase drugs. In sentencing the defendant, the trial court found that he had acted "for hire or as part of organized criminal activity." On appeal, we held:
 "Upon a review of the statute, we find that the legislature never intended the type of criminal activity in this case to be classified as organized criminal activity. The mere fact that he may have had an accomplice is insufficient to constitute an `organized' crime." Id. at 633.
As in Roberson, appellant contends that the legislature never intended the criminal activity of which he was convicted to be classified as "organized criminal activity." We disagree.
The term "organized criminal activity" is not defined in R.C. Chapter 2929. As such, courts must determine on a case-by-case basis whether an offense is part of an organized criminal activity. State v. Obregon
(Aug. 25, 2000), Sandusky App. No. S- 99-042, unreported, citing Statev. Shryock (Aug. 1, 1997), Hamilton App. No. C-961111, unreported (the offender was not part of an organized criminal activity when he merely acted as a "look-out" for his criminal colleague). Commentators have defined "organized criminal activity" as "criminal activity which because of the number of participants and planned utilization of those participants poses more of a risk to the public order than an activity carried out by a single individual acting in isolation from other offenders or than multiple individuals acting together spontaneously or impulsively." Griffin and Katz, Ohio Felony Sentencing Law (1999), 368-369, Section T. 4.14.3. In addition, it is noteworthy that R.C. Chapter 177, titled "Investigation and Prosecution of Organized Criminal Activity" defines "organized criminal activity" as "any violation, combination of violations, or conspiracy to commit one or more violations of section 2925.03 of the Revised Code." R.C. 177.01(E)(1).
In the present case, appellant pleaded guilty to four counts of trafficking in marijuana in violation of R.C. 2925.03(A). In our view, drug trafficking by its very nature is part of an organized criminal activity in that the seller must obtain the drugs from a supplier and is only one link in a long chain of illegal activity. The Ohio General Assembly seems to have recognized this in its definition of "organized criminal activity" in R.C. 177.01(E)(1). Based on this view and on appellant's statements that he bought drugs from three people and sold drugs to five people over a three year period, we must conclude that the record supports the trial court's finding that appellant was engaged in an organized criminal activity.
Appellant further argues that the record fails to support the trial court's finding that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the appellant's conduct. That finding, made pursuant to R.C. 2929.14(E)(4)(b), supported the trial court's decision to impose consecutive sentences on appellant. Appellant, however, asserts that because there were no victims to his crimes, this finding by the court is contrary to law.
At the sentencing hearing below, the court took exception to appellant's argument that there were no victims to his crimes. In particular, the court noted the impact of appellant's extensive drug activity on the Fostoria community and found that appellant may not know who the victims of his marijuana trafficking ultimately are. Again, given the very nature of drug trafficking, we cannot say that the court erred in considering the long term effect of appellant's actions on the community as support for its finding that the harm caused by appellant's offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of appellant's conduct.
We further note that the lower court also supported its consecutive sentences with findings, pursuant to R.C. 2929.14(E)(4)(a) and (c), that appellant committed the offenses while under post-release control for a prior offense and that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by appellant. Pursuant to R.C. 2929.14(E)(4), the court only needed to find one of the factors listed to support a finding of consecutive sentences. In the present case, the court found all three factors. Accordingly, regardless of whether the court's finding of great or unusual harm was contrary to law, we cannot say that the court's imposition of consecutive sentences was contrary to law.
Accordingly, both assignments of error are not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., JUDGES CONCUR.