{¶ 1} This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Charles E. Bradford, Sr., challenges the trial court's decision to impose consecutive sentences following his convictions on one count of aggravated robbery and two counts of robbery.
 {¶ 2} On February 11, 2000, the Lake County Grand Jury indicted appellant on three counts of aggravated robbery, in violation of R.C.2911.01(A)(1). After negotiating with the state, appellant agreed to plead guilty to a single count of aggravated robbery and to two amended counts of robbery, in violation of R.C. 2911.02. The trial court accepted appellant's plea and then ordered him to serve three years on each count with the sentences to run consecutively.
 {¶ 3} Appellant subsequently filed an appeal with this court in which he argued the following: (1) the trial court failed to properly consider the factors in R.C. 2929.12; (2) the trial court's finding that community control sanctions would be inappropriate and, therefore, incarceration was necessary, was not supported by the record; (3) the trial court erred in sentencing him to more than the minimum sentence because the court failed to make the statutorily required findings under R.C. 2929.14(B); and (4) the trial court did not provide its reasons for imposing consecutive sentences. After considering appellant's arguments, we concluded that although the trial court did not err either in sentencing appellant to a prison term or in ordering him to serve more than the minimum sentence, the court failed to give its reasons for imposing consecutive sentences. Accordingly, we affirmed appellant's sentence in part, reversed it in part, and remanded the matter so that the trial court could provide its reasons, on the record, for selecting consecutive sentences. State v. Bradford (June 2, 2001), 11th Dist. 2000-L-103, 2001 WL 589271.
 {¶ 4} On remand, the trial court issued a new judgment entry in which the court stated that it imposed consecutive sentences for the following reasons:
 {¶ 5} "1. [Appellant] committed an offense which carried with it a presumption of a prison sentence;
 {¶ 6} "2. [Appellant] acted with another in an organized crime activity;
 {¶ 7} "3. [Appellant] was a prior police officer and fireman and had a greater ability
 {¶ 8} than the average person to discern right from wrong;
 {¶ 9} "4. [Appellant] had a prior conviction of Attempted Drug Abuse in 1995;
 {¶ 10} "5. [Appellant] has an alcohol and drug abuse problem and is clearly an addict. He had four opportunities for treatment and continues to do nothing to alleviate his problem thus he is not amenable to treatment;
 {¶ 11} "6. [Appellant] committed three robberies at different times and the reason for [appellant] going to the City of Mentor to commit the robberies was `they don't resist;'
 {¶ 12} "7. Considering [appellant's] conduct, actions in the commission of these offenses, and his attitude toward commission of multiple offenses, the Court finds [appellant's] actions were egregious that they were beyond that of the usual circumstances. For these reasons the Court concludes that the Defendant should suffer consecutive sentences."
 {¶ 13} From this judgment, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the trial court's decision to impose consecutive sentences is not supported by the record.
 {¶ 14} In accordance with R.C. 2953.08, our review of a felony sentence is de novo. State v. Thompson, 11th Dist. No. 2001-L-222,2002-Ohio-7151, at ¶ 7. However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
 {¶ 15} When imposing consecutive sentences, the trial court must make the findings contained in R.C. 2929.14(E)(4) on the record. Statev. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4. In doing so, the trial court must first determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Next, the trial court must find that one of the following factors listed in R.C.2929.14(E)(4) is also present: (a) the offender was awaiting trial or sentencing, or was under community control sanctions when he committed one or more of the offenses; (b) the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. Norwood at 4.
 {¶ 16} The trial court must also comply with the requirements set forth in R.C. 2929.19(B) when sentencing an offender to consecutive sentences under R.C. 2929.14(E)(4). State v. Hoskins (Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 WL 276935, at 3. Specifically, R.C.2929.19(B)(2)(c) requires that the trial court justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting that particular sentence.
 {¶ 17} Here, the original sentencing entry contained the following discussion with respect to the factors under R.C. 2929.14(E)(4):
 {¶ 18} "Pursuant to R.C. 2929.14(E), the Court finds for the reasons stated on record that:
 {¶ 19} "1. Consecutive sentences are necessary to protect the public from future crime or to punish [appellant] and are not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] poses to the public, and
 {¶ 20} "2. The harm caused by the multiple offenses caused by [appellant] was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's] conduct."
 {¶ 21} The transcript of the sentencing hearing is also very brief. After discussing why appellant was not amenable to community control sanctions and that minimum sentences would demean the seriousness of the offenses and would not adequately protect the public, the trial court stated the following:
 {¶ 22} "The Court finds also that consecutive sentences are necessary in order to protect the public, would punish the offender and are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public."
 {¶ 23} As can be seen, the trial court expressly found that consecutive sentences were necessary to protect the public from future crime or to punish appellant, and that they were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public. The court also complied with the second requirement under R.C.2929.14(E)(4) when it determined that the harm caused by appellant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflected the seriousness of appellant's conduct. Moreover, when the trial court issued a new judgment entry on remand, it provided the reasons why the court believed consecutive sentences were appropriate in this case.
 {¶ 24} Appellant, however, suggests that the record does not support the trial court's findings. Specifically, appellant argues that the charges against him were "no worse than those normally associated with the crimes for which [he] was charged." As such, appellant submits that he "presents no more of a risk to the public than anyone who has committed robberies."
 {¶ 25} Specifically, appellant contends that there is no evidence that he "acted with another in an organized crime activity." Although he admits that another person accompanied him during at least two of the robberies, appellant also maintains that his actions could not be considered organized because he "was in a drug-induced stupor" when he committed the offenses.
 {¶ 26} In considering the same issue, the Sixth Appellate District held the following with respect to whether a crime constituted "organized criminal activity:"
 {¶ 27} "Upon a review of the statute, we find that the legislature never intended the type of criminal activity in this case to be classified as organized criminal activity. The mere fact that he may have had an accomplice is insufficient to constitute an `organized' crime." State v. Roberson (2001), 141 Ohio App.3d 626, 633. See, also,State v. McKinney (Aug. 23, 2002), 11th Dist. No. 2000-L-210, 2002 WL 1961229, at 8.
 {¶ 28} We agree with the logic in Roberson. Therefore, because there is no evidence that appellant and his accomplice planned the robberies or otherwise acted anyway other than spontaneously or impulsively, the record does not support a finding of "organized criminal activity."
 {¶ 29} Next, appellant argues that the fact he was former police officer and fireman was irrelevant to whether consecutive sentences were appropriate. He submits that a person's chosen profession has no bearing on whether the person has a greater ability to decipher right from wrong.
 {¶ 30} There is nothing in the record to suggest that appellant was either a police officer or a fireman at the time he committed the offenses. While consecutive sentences may be appropriate if a person abused his position of power or trust during the commission of a crime, when a person is no longer in that position those concerns are not present.
 {¶ 31} Finally, appellant takes issue with the trial court's finding that the reason appellant committed the robberies in Mentor, Ohio, was because "they don't resist[.]" The trial court, however, provided no indication as to how the fact appellant committed the crimes in a particular community warranted consecutive sentences. Moreover, we can think of no logical reason to punish an offender more severely simply because he chose to rob service stations in a specific jurisdiction.
 {¶ 32} The remaining portions of the record demonstrate that from December 18, 1999 to January 19, 2000, appellant robbed three different service stations in Mentor, Ohio. While committing these crimes, appellant was armed with a Crossman .177 caliber pellet/BB gun. Appellant also admitted that during one of the robberies he lifted his shirt for the specific purpose of showing the clerk the gun in his waistband in an effort to encourage the clerk to give him the money. However, it is also true that the state chose not to include a firearm specification when indicting appellant.
 {¶ 33} The record also shows that appellant has a serious drug problem that he claims served as the motive for his criminal conduct. Appellant has a conviction for attempted drug abuse and has received treatment for his substance abuse problem on at least four different occasions. However, it is obvious that his attempts at treatment were unsuccessful, and, as noted by Dr. John Fabian, "[h]is potential for success in drug treatment is very questionable considering his prior treatment and relapses."
 {¶ 34} Given our conclusion that several of the findings provided by the trial court are unsupported by the record, we reverse the judgment of the trial court and remand the matter so that the court can determine whether the remaining factors, by themselves, justify consecutive sentences. Appellant's sole assignment of error, therefore, has merit to the limited extent indicated.
DONALD R. FORD, P.J., concurs.
DIANE V. GRENDELL, J., dissents.