OPINION
{¶ 1} Defendant-appellant Steven L. Horch ("Horch") brings this appeal from the judgment of the Court of Common Pleas of Union County.
 {¶ 2} On April 3, 2003, the Union County Grand Jury indicted Horch on one count of complicity to rape, three separate counts of pandering obscenity involving a minor, three separate counts of pandering sexually oriented matter involving a minor, and three counts of rape. Horch entered a plea of not guilty. The matter was set for a jury trial on July 1, 2003. On July 1, 2003, two of the rape counts were dismissed. At the conclusion of the trial, the jury found Horch guilty of complicity to rape, all three counts of pandering obscenity involving a minor, and all three counts of pandering sexually oriented matter involving a minor. The jury found Horch not guilty of the remaining rape charge.
 {¶ 3} The trial court then held a sexual predator hearing as well as a sentencing hearing. The trial court found Horch to be a sexual predator. The trial court then ordered that the three pandering obscenity charges merged with the pandering sexual matter charges for the purposes of sentencing. Subsequently, the trial court sentenced Horch to the maximum sentence on each of the remaining charges and ordered that they be served consecutively for a total of 27½ years in prison. It is from this judgment that Horch appeals and raises the following assignments of error.
The [State] violated [Horch's] Fifth Amendment protectionagainst self-incrimination causing prejudice that resulted in[Horch] receiving an unfair trial and/or the [State] was guiltyof prosecutorial misconduct.
 The court committed plain error by not finding that aviolation of [R.C.] 2907.32.1(A)(1), (3), and (5) were crimes ofsimilar import and should have merged for sentencing purposes.
 [Horch] was deprived of due process of law because ofineffective assistance of counsel because counsel did not file amotion for separation of unrelated charges.
 The lower court abused its discretion when it sentenced[Horch], whom had no prior criminal record, to maximumconsecutive sentences.
 {¶ 4} In the first assignment of error, Horch claims that the State engaged in prosecutorial misconduct in its closing arguments by making statements that implied that Horch would have testified if he were innocent.
The test for prosecutorial misconduct is whether theprosecutor's comments and remarks were improper and if so,whether those comments and remarks prejudicially affected thesubstantial rights of the accused. * * * A prosecutor's conductduring trial cannot be grounds for error unless the conductdeprives the defendant of a fair trial. * * * The touchstone ofanalysis "is the fairness of the trial, not the culpability ofthe prosecutor." * * * The prosecution is normally entitled to acertain degree of latitude in its concluding remarks. Aprosecutor is at liberty to prosecute with earnestness and vigor,striking hard blows, but may not strike foul ones. * * * Theprosecutor is a servant of the law whose interest in aprosecution is not merely to emerge victorious but to see thatjustice shall be done. It is a prosecutor's duty in closingarguments to avoid efforts to obtain a conviction by going beyondthe evidence which is before the jury.
 State v. Hudson, 5th Dist. No. 2001CA181, 2002-Ohio-2895 at ¶ 4.
 {¶ 5} In Horch's brief, the following ten statements made by the prosecutor are specified as being improper.
1. Beaten and threatened for years. Never heard this didn'thappen.
 2. You've heard her uncontroverted testimony that he set thisup, he was the director, he was the producer, he wrote the script. . .
 3. How many times did he get it out and look at it? Do weknow? No, we don't.
 4. I'm not guilty of possession because I forgot where I hidthe videotape.
 5. Did you hear any actual evidence that he wanted her to getcounseling? Did you hear any evidence that he had good intent,good purpose, goodness of soul, when he made this recording? Theanswer is, no, he didn't.
 6. . . . there were other occasions when this happened. Youhave not heard any evidence to the contrary.
 7. Zach told you what he saw. You never heard any differentevidence to the contrary.
 8. He was the director. Again, all of the evidence, theuncontroverted evidence, is that he was the director, he set thestage, he wrote the script.
 9. No doubt about it. The evidence is uncontroverted what hedid to Ashley.
 10. And you have heard no evidence that he did not know whereit was for all those months.
Appellant's Brief, 10-11. The state may comment upon a defendant's failure to offer evidence in support of its case.State v. Collins (2000), 89 Ohio St.3d 524, 733 N.E.2d 1118. "Such comments do not imply that the burden of proof has shifted to the defense, nor do they necessarily constitute a penalty on the defendant's exercise of his Fifth Amendment right to remain silent." Id. at 528-29. The state must refrain from commenting on a decision not to testify, but the state may challenge the weight of evidence offered by the defense in support of its theory of the case. Id. The state does not have a duty to disprove every possible circumstance suggested by the defendant. Id.
 {¶ 6} In this case, the State presented the testimony of Horch's wife and Horch's stepson as to what occurred. Horch presented no testimony that contradicted their testimony. The above statements, while they may be inferred to comment on Horch's failure to testify, did not directly make that conclusion. The statements made by the State could also be interpreted as merely comments on the evidence that was presented to the jury. Even if the statements were inappropriate, the record indicates that the trial overall was fair. The trial court informed the jury that the burden of proof was on the State and that Horch had a constitutional right not to testify. Tr. 471. The trial court further ordered the jury not to consider Horch's decision not to testify for any purpose. Id. Thus, the first assignment of error is overruled.
 {¶ 7} In the third assignment of error, Horch claims that he was denied effective assistance of counsel. "Reversal of convictions on ineffective assistance requires the defendant to show `first that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.'" State v. Cassano,96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, at ¶ 105. Upon review, an appellate court must make a strong presumption that counsel's conduct was within the acceptable range of reasonable professional assistance. Id. at ¶ 108. One who claims counsel was ineffective must show that there was a reasonable probability that but for counsel's errors, the result of the trial would have been different. Id.
 {¶ 8} In this case, Horch claims that his counsel was ineffective for failing to move to separate the charges of the rape that allegedly occurred several years ago and the taping of his wife's sexual act with his stepson. Horch argues that even though he was found not guilty of the rape, it encouraged the jury to find him guilty of the other charge because it indicated that he was of bad character. Although it may have been a sounder strategy to separate the trials, the failure to do so does not automatically result in ineffectiveness. The jury was able to separate the charges and found Horch not guilty of the rape. However, there was extensive testimony given at the trial about the filming of sexual conduct. Given this testimony a reasonable juror could still have found Horch guilty of the offenses for which he was charged even if the jurors had heard nothing about the alleged rape. Thus, this court cannot find that there was a reasonable probability that separating the charges would have resulted in a different outcome. The third assignment of error is overruled.
 {¶ 9} The second assignment of error raises the question of whether three of the offenses charges are crimes of similar import that should merge for sentencing purposes. The three convictions at issue are violations of R.C. 2907.321(A)(1),2907.321(A)(3), and 2907.321(A)(5).
(A) No person, with knowledge of the character of the materialor performance involved, shall do any of the following:
 (1) Create, reproduce, or publish any obscene material thathas a minor as one of its participants or portrayed observers;
* * *
(3) Create, direct, or produce an obscene performance that hasa minor as one of its participants;
* * *
(5) Buy, procure, possess, or control any obscene material,that has a minor as one of its participants. . . .
R.C. 2903.321.
 {¶ 10} In this case, the jury convicted Horch of pandering obscenity involving a minor. The State argues that the jury found Horch guilty of producing the film, of copying the film and of possessing the film. This court notes that the jury verdict forms do not make any distinctions as to which statute or which sections of the statute were violated. However, the jury was instructed that to find Horch guilty of count 2, the jurors would have to find that Horch reproduced the tape. The jurors were also instructed that to find Horch guilty of count 3, they would have to find that Horch produced and directed the tape. Finally, the jurors were instructed that to find Horch guilty of count 4, they would have to find that Horch kept the tape. These are three separate sections of the statute. Although there may not be a separate animus for each of these offenses, they do contain different elements and are thus not allied offenses that merge for sentencing. The second assignment of error is overruled.
 {¶ 11} Finally, Horch argues that the trial court erred by sentencing him to maximum consecutive sentences. Before a trial court may sentence an offender to maximum or consecutive sentences, the trial court must make certain findings on the record. R.C. 2929.14. Additionally, if the trial court imposes consecutive and/or maximum sentences, it must give its reasons for doing so. R.C. 2929.19.
 {¶ 12} In this case, the trial court made the required findings. However, the trial court failed to state its reasons for imposing maximum consecutive sentences. This is contrary to the statutory requirements. Additionally, the trial court based its findings on some statutory factors that are not supported by the record. R.C. 2929.12 lists factors that the trial court must consider prior to imposing sentence. The factors at issue are the following.
(3) The offender held a public office or position of trust inthe community, and the offense related to that office orposition.
* * *
(7) The offender committed the offense for hire or as a partof an organized criminal activity.
 (8) In committing the offense, the offender was motivated byprejudice based on race, ethnic background, gender, sexualorientation, or religion.
R.C. 2929.12.
 {¶ 13} The first error occurred when the trial court found that Horch was in a position of trust. The position of trust in this case was a step-parent relationship, not a position of trust in the community. The step-parent relationship is considered in a different factor that specifically deals with the relationship between the offender and the victim. There was no evidence presented to indicate that Horch occupied any public office or position of trust in the community. Thus, the trial court erred in finding that he did.
 {¶ 14} Next, the trial court found that the offenses were committed as part of an organized criminal activity. No evidence was presented and no argument was made that the rape or the tape were part of an organized criminal activity. There was no indication that the tape was made for hire or for any criminal purpose or that it was used in a criminal manner. The fact that an offender had an accomplice is not sufficient to constitute organized criminal activity. State v. Roberson (2001),141 Ohio App.3d 626, 752 N.E.2d 984. Thus, the trial court had no basis for making this finding.
 {¶ 15} Finally, the trial court found that the offenses were motivated by sexual orientation. The purpose of this statutory factor is to consider if the offense was a "hate crime." The portion of the statutory factor is used to increase the seriousness if the crime occurred because of the victim's sexual orientation, not just because the crime involved a sex offense. These focuses are not interchangeable. There was no evidence presented that Horch committed his offenses because of the sexual orientation of the victim. The trial court thus erred by finding that the sexual orientation was a factor in the offense.
 {¶ 16} This court is also concerned about various other considerations made by the trial court. The trial court discussed photographs taken of Lara engaging in sexual conduct with a dog. The trial court stated that there was no basis for finding that Horch was involved in those pictures and admitted that they should not be considered. However, the trial court also indicated that it found the pictures very disturbing. If they had no connection to Horch and should not be considered, then the trial court should not consider them at all and they should not be mentioned during the sentencing. The fact that the trial court found them worthy of comment is an indication of bias.
 {¶ 17} Secondly, this court is concerned with the findings that all of the offenses are the worst forms of the offenses and thus, subject to maximum consecutive sentences. As discussed above, Horch is technically guilty of all three obscenity offenses. However, there may not be a separate animus for each offense. The evidence of the State was that Horch made one copy of the tape. Although the state implied there may be more copies and they are not aware of what use Horch may have made of the tape, to consider what might have occurred is nothing more than speculation. If making one copy of a tape is the worst form of the offense, what does that make of the offenders who mass produce the tape for distribution? Also, the charge of possession is a strict liability offense. This makes it difficult for a trial court to find that possession of a single offensive tape is the worst form of the offense. It is the only form of the offense.
 {¶ 18} Since the trial court failed to state its reasons for imposing maximum consecutive sentences and made findings of fact not supported by the evidence, the sentence is contrary to statute. The fourth assignment of error is sustained.
 {¶ 19} The judgment of the Court of Common Pleas of Union County is affirmed in part and reversed in part. The matter is remanded for further proceedings in accord with this judgment.
Judgment affirmed in part, reversed in part and cause remanded.
Shaw, P.J., and Cupp, J., concur.