[Cite as *State v. Turner*, 2017-Ohio-995.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-16-1132

      Appellee                                   Trial Court No. CR0201601141

v.

Antonio Turner                                    **DECISION AND JUDGMENT**

      Appellant                                  Decided:  March 17, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Frank H. Spryszak, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a sentencing judgment of the Lucas County Court of

Common Pleas, sentencing appellant to a total term of incarceration of 11 months

following appellant's conviction on one count of receiving stolen property, in violation of

R.C. 2913.51, a felony of the fifth degree, and one count of obstruction of official

business, in violation of R.C. 2921.31, a misdemeanor of the second degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Antonio Turner, sets forth the following two assignments of error:

> I. THE TRIAL COURT ERRED IN FINDING THE OFFENSES TO BE PART OF AN ORGANIZED CRIMINAL ACTIVITY.
>
> II. IN SENTENCING APPELLANT TO PRISON, THE COURT VIOLATED RC 2929.11.

{¶ 3} The following undisputed facts are relevant to this appeal. On the afternoon of January 18, 2016, a Toledo woman was inside a bathroom at her home when she glanced out of a window and observed several unknown males standing on the roof of her home. The startled woman immediately pondered what to do in response to the intruders. She locked herself inside the bathroom. Shortly thereafter, the victim heard the perpetrators smashing a window leading into a hallway of the home.

{¶ 4} Ultimately, the victim looked out of the window of the bathroom where she was hiding and observed four men running from her home to a nearby vehicle. The victim had a clear view and was able to obtain a detailed description of the getaway vehicle. The victim next called for emergency police assistance and relayed all of the information regarding the subject vehicle. Upon emerging from the bathroom, the victim discovered that both of her flatscreen televisions had been stolen.

2.

{¶ 5} A short time after the victim placed the emergency call, a motor vehicle with multiple occupants that matched the description provided by the victim was observed and stopped by the Toledo Police Department at an intersection in central Toledo not far from the victim's location.

{¶ 6} During the ensuing commotion of the emergency stop, appellant, who had been hiding beneath one of the stolen flatscreen televisions in the rear of the vehicle, slipped out of the vehicle and falsely portrayed himself to the police officers as an innocent eyewitness bystander.

{¶ 7} Appellant pointed the officers in the direction of appellant's three accomplices, who were fleeing the scene on foot. Subsequently realizing appellant's ruse, the officers were later able to identify appellant via video footage captured from their dash cam at the scene and charge appellant for these offenses, in addition to charging the three accomplices.

{¶ 8} On January 25, 2016, appellant was indicted on one count of burglary, in violation of R.C. 2911.12(A), a felony of the second degree, one count of receiving stolen property, in violation of R.C. 2913.52, a felony of the fifth degree, and one count of obstruction of official business, in violation of R.C. 2921.31, a misdemeanor of the second degree.

{¶ 9} On April 7, 2016, pursuant to a voluntarily negotiated plea agreement, appellant pled guilty to the count of receiving stolen property and the count of obstruction of official business. In exchange, the remaining burglary offense was dismissed. The

3.

matter was referred to the probation department for a presentence investigation and report. On May 24, 2016, appellant was sentenced to a total term of incarceration of 11 months. This appeal ensued.

{¶ 10} Both assignments of error are rooted in the common premise that the trial court acted improperly in sentencing appellant. Accordingly, the assignments will be considered simultaneously.

{¶ 11} On appeal, appellant alleges that the trial court erred in determining that appellant had acted as part of an organized criminal activity and also erred in the term of incarceration imposed. We do not concur.

{¶ 12} It is well-established that appellate court review of felony sentencing in Ohio is no longer conducted pursuant to the abuse of discretion standard. Rather, R.C. 2953.08(G)(2) explicitly governs felony sentencing appellate review in Ohio. Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a disputed felony sentence if it clearly and convincingly determines that either the sentence is contrary to law or that the record of evidence does not support applicable statutory findings required in the subject case.

{¶ 13} In applying the above-referenced statutory framework to the instant case, we first note that R.C. 2929.14(A)(5) establishes that felonies of the fifth degree may be punished by a term of incarceration ranging from six months to one year. In this case, appellant was sentenced to a term of incarceration of 11 months. As such, the disputed sentence falls within the permissible statutory range and is not contrary to law.

4.

**{¶ 14}** Next, in connection to consideration of any statutory findings potentially relevant to this case, our review of this matter reveals that R.C. 2929.13(B), which pertains to fourth or fifth-degree felony cases, applies to this matter and must be considered in our review of this case.

**{¶ 15}** As applicable to this case, R.C. 2929.13(B)(1)(b)(ix) establishes that a sentencing court may impose a prison term in a fifth-degree felony case that is not an offense of violence if, "[T]he offender committed the offense for hire or as part of an organized criminal activity."

**{¶ 16}** At sentencing in this matter, the trial court specifically determined, "[W]e note further that defendant * * * was involved in what is referred to and defined as organized criminal activity along with his three other co-compliciters. And we[,] therefore[,] find that the defendant's prior criminal history and his conduct in this offense and the engaging in organized criminal activity, we find that the defendant is not amenable to community control and that prison is consistent with the purposes [of sentencing]."

**{¶ 17}** As held in *State v. Morgan*, 10th Dist. Franklin No. 13-AP-620, 2014-Ohio-5661, at ¶ 38, "[A] defendant's participation in an aggravated robbery along with one or more co-defendants is sufficient to find the incident occurred as part of organized criminal activity." Although appellant relies upon *State v. Roberson*, 141 Ohio App.3d 626, 752 N.E.2d 984 (6th Dist.2001) for the assertion that the trial court erred in finding organized criminal activity in this case, we note that *Roberson* involved an appellant who

contended that he was acting alone while committing the crime and is, therefore, materially distinguishable from the instant case.

{¶ 18} The record of evidence shows that on January 25, 2016, appellant acted in concert with three other individuals in the course of the group unlawfully entering an occupied home in the city of Toledo. The group next stole several flatscreen televisions from the home and fled the scene in a waiting getaway car. The record further shows that appellant concealed himself under one of the stolen televisions in the rear seat of the getaway vehicle at the time the group was pulled over by the police shortly after the crimes were committed and a description of the getaway vehicle was reported by the victim.

{¶ 19} In conjunction with the above, the record shows that although appellant initially engaged in a deception in which he falsely portrayed himself to be an eyewitness bystander, appellant ultimately was revealed to be a member of the group that committed these crimes. Given these facts, we find that the record encompasses ample evidence in support of the requisite statutory finding of organized criminal activity. As such, the imposition of a term of incarceration within the statutory range in this non-violent fifth-degree felony case was lawful.

6.

**{¶ 20}** Wherefore, we find that the disputed felony sentence in this case was not based upon an applicable statutory finding not supported by the record and otherwise not contrary to law. We find both assignments of error not well-taken.

**{¶ 21}** The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                          JUDGE

Arlene Singer, J.          

Thomas J. Osowik, J.          _____
CONCUR.                                                  JUDGE

                                       _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.