THE STATE OF OHIO, APPELLEE, *v.* BAYLESS, APPELLANT.

(No. 1772—Decided February 3, 1982.)

*Mr. Martin Frantz,* for appellee.
*Mr. Mark W. Baserman,* for appellant.

QUILLIN, J. Defendant-appellant, Robert Bayless, pled guilty to a violation of R.C. 2907.04(A), corruption of a minor. His plea was accepted and he was sentenced thereon. He now appeals. We affirm.

The defendant, a teacher at Wooster High School, was charged in a bill of information with engaging in sexual conduct with a fifteen year old girl, a violation of R.C. 2907.04. In a plea bargain arrangement it was understood that he would plead guilty and in return the prosecutor agreed that "* * * additional charges involving other students and other Wooster High School former students would not be lodged against the defendant." Following defendant's acknowledging that he understood the rights that he would be waiving by pleading guilty, the court accepted his plea.

The court then ordered that a presentence investigation be conducted and a report prepared for the court. This was done. In addition, pursuant to R.C. 2947.051, a victim impact statement was prepared for the court. At the sentencing hearing, the court had the report and statement, but refused to allow defense counsel to see them. The court then imposed the minimum sentence of one to ten years in prison.

Assignments of Error
"1. The trial court erred in failing to

disclose the pre-sentence report, or the substance thereof, to the defendant at the time of sentencing.

"2. The trial court erred in considering the victim's impact statement and in failing to disclose it or the substance thereof, to the defendant at the time of sentencing."

With respect to disclosure of the presentence investigation, Crim. R. 32.2(C)(1) provides:

"Except in cases of aggravated murder, the report of the presentence investigation shall be confidential and need not be furnished to the defendant or his counsel or the prosecuting attorney unless the court, in its discretion, so orders."

And with respect to the victim impact statement, R.C. 2947.051(C) provides:

"A victim impact statement shall be kept confidential and is not a public record * * *. However, the court *may* furnish copies of the statement to both the defendant or his counsel and the prosecuting attorney. * * *" (Emphasis added.)

It is apparent from both the Revised Code and from the Criminal Rules that the court should exercise discretion regarding whether to make the presentence report and the victim impact statement available to the defendant. In the instant case, the court chose not to do so and there is nothing to suggest that this was an abuse of discretion.

Defendant cites several cases from other jurisdictions for the proposition that where a court has relied upon clearly erroneous information in sentencing an individual, the appellate court may remand the case for resentencing. In the case *sub judice,* however, there is no evidence that materially false or clearly erroneous information is in either the presentence report or the victim impact statement, or that such false or erroneous information was relied upon.

Based on the record before us, we cannot conclude that the court abused its discretion or that defendant was denied due process. Therefore, both assignments of error having been rejected, we affirm.

*Judgment affirmed.*

MAHONEY, P.J., and BELL, J., concur.