OPINION
Appellant, Michael E. Koch, appeals a decision of the Lake County Court of Common Pleas finding him to be a sexual predator. On November 22, 1996, appellant was indicted on two counts of rape, in violation of R.C.2907.02; two counts of sexual battery, in violation of R.C. 2907.03; and, eight counts of gross sexual imposition ("GSI"), in violation of R.C. 2907.05. On March 27, 1997, appellant pleaded guilty to two counts of sexual battery, felonies of the third degree, and five counts of GSI, felonies of the fourth degree; the remaining counts were dismissed. Prior to sentencing, a sexual predator determination hearing was held pursuant to R.C. 2950.09.
Appellant was found to be a sexual predator and was sentenced to a definite term of two years on each count of sexual battery; one and one-half years on two of the counts of GSI; and, one year on each of the remaining counts of GSI; for a total of ten years to run consecutively. Appellant now assigns the following assignments of error:
 "[1.] The trial court erred in determining the defendant to be a sexual predator pursuant to R.C. § 2950 (T.d. 42, 12)
 "[2.] The trial court abused its discretion in sentencing the defendant to a 10 year prison term (T.d. 36)"
 In appellant's first assignment of error, he argues that R.C. Chapter 2950 violates the Ex Post Facto
Clause of the United States Constitution and the Ohio Constitution. The Supreme Court of Ohio rejected this argument in State v. Cook (1998), 83 Ohio St.3d 404,
after determining that the sexual predator statute serves a remedial purpose and is not punitive in nature.
Appellant also asserts that R.C. 2950.09(C) is unconstitutionally vague. Appellant contends that the statute fails to provide meaningful guidance to determine when an offender may be adjudicated a sexual predator and who bears the burden of proof. The Supreme Court of Ohio rejected this argument in State v. Williams (2000), 88 Ohio St.3d 513.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). "[T]he trial court should consider the statutory factors listed in R.C.2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger (2001), 91 Ohio St.3d 158,166. Thus, the trial court must weigh all the relevant factors, including an offender's efforts at rehabilitation, when determining whether an offender is likely to engage in future sexually oriented offenses. R.C.2950.09(B)(2)(f).
"The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C.2950.09(B)(2) in making his or her findings." Cook,83 Ohio St. 3d at 426. "However, we would suggest for purposes of appellate review that it would be better practice for the trial court to utilize some sort of statutory worksheet or checklist to specify its findings in relation to each of the listed statutory factors when completing its judgment entry.State v. Wantz, (Dec. 29, 2000), Geauga App. No. 99-G-2216, unreported, 2000 Ohio App. LEXIS 6195, at 3. Further, we suggest that the trial courts specify, on the record, its findings that support labeling appellant a sexual predator and its rationale in making that determination.
Additionally, appellant argues that the trial court erred in determining that he was a sexual predator, because it refused to allow him to view the victim impact statement, submitted under R.C. 3947.051, and cross-examine the victim about her remarks therein.
Pursuant to R.C. 2947.051, a victim impact statement is confidential and not a public record, however, the trial court may furnish copies of the statement to both the defendant and his counsel. State v. Bayless
(1982), 4 Ohio App.3d 301, 302. The decision whether to make a victim impact statement available to the defendant, lies in the discretion of the trial court. Id
A victim is not subjected to cross-examination regarding the content of the victim impact statement. Generally, victim impact statements are to be considered by the trial court, in imposing sentence. R.C. 2947.051. However, because R.C. 2950.09(B)(1) permits combined sentencing/determination hearings, the trial courts may consider victim impact statements when determining whether an offender is a sexual predator.
We are aware that the Supreme Court of Ohio has stated that "a sexual predator classification hearing is similar to sentencing or probation hearings where it is well settled that rules of evidence do not strictly apply." Cook, supra, at 764. However, we believe that, in this context, sexual predator classification proceedings are sufficiently different from sentencing. See State v. Anderson (1999), 135 Ohio App.3d 759. Sentencing is punishment and occurs after the defendant has pleaded guilty, or has been convicted of committing the crime charged. Sexual predator determination hearings are nonpunitive and require that a trial court's finding, that an offender is a sexual predator, must be supported by clear and convincing evidence. Cook, supra at 423-424. At a sexual predator determination hearing, an offender has the right to testify, present evidence, call and examine witnesses including expert witnesses, be represented by counsel, and, if indigent, the right to have counsel appointed. As a result, we believe appellant has the right to be made aware of prejudicial evidence upon which the court intends to rely, within the spirit of the rules.
Upon review of the record, we conclude that the victim impact statement does not contain new material facts; therefore, the trial court did not abuse its discretion in refusing to allow appellant to view it. The material facts contained in the victim's impact statement are substantially set forth in the presentence investigation report, psychiatric report, and appellant's guilty plea. "[R]eliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge." Cook, supra, at 425. The only fact contained solely in the victim impact statement is that the victim attempted to fend off appellant's unwanted conduct. We conclude that, in this case, in light of the number of factors that the court relied on in making its sexual predator determination, this one fact was not material. We encourage the trial courts to consider whether a victim impact statement contains new material facts upon which it intends to rely in making a sexual predator determination, when deciding whether to grant a request to review it.
Additionally, since R.C. 2950 is remedial, not punitive, appellant's argument that the trial court violated his Sixth Amendment right to confront witnesses also must fail.
In appellant's second assignment of error, he argues that the trial court abused its discretion by sentencing appellant to ten years imprisonment. Specifically, he argues that the court was influenced by the victim's oral statement at sentencing wherein she characterized appellant's conduct as rape. Appellant contends that the court erred by allowing the victim to make oral statements at the sentencing hearing which referred to crimes to which he had not pleaded guilty.
R.C. 2929.19(A) requires that the court hold a sentencing hearing prior to imposing sentence upon an offender who was convicted of or pleaded guilty to a felony. "At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case." R.C. 2929.19(A).
"However, R.C. 2930.14(B) does not require that the victim's statement be under oath or subject to cross-examination." State v. Cameron (Mar. 30, 2001), Hancock App. No. 5-2000-36, unreported, 2001 Ohio App. LEXIS 1531, at *4; citing State v. Spears (Oct. 18, 1995), Montgomery App. No. 14869, unreported, 1995 Ohio App. LEXIS 4574. Additionally, by entering a guilty plea, an appellant forfeits his right to confront and cross-examine the victim on the allegations in her unsworn statement. Id
at 5.
The record shows that during the sentencing hearing, both the victim and appellant made unsworn statements to the court, not subject to cross-examination, prior to the imposition of sentence, with appellant having the last word in response to the statements of the victim. Id. During the victim's statement, she characterized the appellant's actions as rape. The court did not refer to rape during sentencing, but, during the sexual predator determination hearing, stated that appellant "started with minor touching that progressed into actual crimes of rape," While rape was not the correct legal term for the crime committed by appellant, the victim's testimony was admitted at the sexual predator determination hearing without objection. Thus, appellant has waived all but plain error on appeal. Cook, supra, at 426. Further, the instant case is not analogous to State v. Patterson (1996), 110 Ohio App.3d 264, 271, as argued by appellant, wherein the appellate court held that a trial court's consideration of evidence regarding an acquitted charge constitutes an abuse of discretion. In the case sub judice, appellant was not acquitted of rape; the charges were dismissed.
We will not reverse a sentence unless the appellant demonstrates that the trial court was statutorily incorrect or abused its discretion by failing to consider sentencing factors. See, e.g., State v. Chapman
(Mar. 17, 2000), Portage App. No. 98-P-0075, unreported, 2000 WL 286684. Abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
The sentencing transcript reveals that appellant was given the maximum sentence on both counts of sexual battery and on two of the five counts of GSI. R.C. 2929.14(B) requires that a first time offender be sentenced to the shortest prison term, unless the court states on the record that it would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime. Since the trial court imposed maximum sentences, it was also required to comply with R.C.2929.14(C) and 2929.19 (B)(2)(c) and (e). And, the imposition of consecutive sentences for multiple prison terms for multiple offenses, requires compliance with R.C. 2929.14(E)(4).
Turning first to R.C. 2929.14(B), we note that appellant was sentenced prior to State v. Edmonson (1999), 86 Ohio St.3d 324, wherein the court stated that when an offender is sentenced to his first imprisonment, the court must specify that one or both of the reasons enumerated in R.C.2929.14(B) apply if it declined to impose the minimum sentence. Even though this sentencing occurred prior to the decision in Edmonson, the statute required the court to find that the shortest prison term would demean the seriousness of the offender's conduct or inadequately protect the public pursuant to R.C. 2929.14(B). While the sentencing transcript reveals that the trial court considered the severity of the offenses, in the instant case, it does not reflect that the court considered the minimum sentence and then departed from that mandate based on one or both of the reasons set forth in R.C. 2929.14(B).
R.C. 2929.14(C) provides that the sentencing court shall impose the maximum sentence "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes * * *." "In order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C). Edmonson, supra, at 329. In State v.Hunt (July 7, 2000) Ashtabula App. No. 99-A-0033, unreported, 2000 WL 915104, at *3, we stated that the mandates of R.C. 2929.14(C) were met, despite the court's failure to express the statutory language, since it was evident that appellant was sentenced to the maximum penalty due to his great threat of recidivism.
Review of the sentencing transcript and judgment entry reveals that the trial court did not comply with R.C. 2929.14(C). Since the trial court's colloquy at the sentencing hearing did not provide sufficient operative facts indicating that it considered the statutory factors, the court did not substantially comply with the statutes. At sentencing, the court stated that it considered the severity and duration of the offenses and a child's right to be free of molestation. In its judgment entry, the court noted that appellant was the victim's stepfather and had demonstrated a pattern of abuse towards his victim. Arguably, these statements may indicate that the court considered appellant to be an offender who committed the worst form of the offense or one who posed a great likelihood of committing future offenses. However, based on this record, we cannot determine the court's reason for imposing the maximum sentences. Hence, the trial court did not comply with R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d, which requires that the trial court provide a "finding that gives its reasons."
R.C. 2929.19(B)(2) mandates that the trial court express its reasons for imposing the maximum sentence:
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code * * *
 "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense * * *."
R.C. 2929.14(E)(4) provides:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * * or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 In this case, the trial court was required to state its reasons for imposing the maximum sentences and to support its decision to impose consecutive sentences. The trial court did not state that the harm caused in this case was so great that no single prison term could adequately reflect the seriousness of appellant's conduct or that appellant's criminal history demonstrated that consecutive sentences were necessary to protect the public from recidivism. The record is devoid of any indication that the trial court failed to consider the mitigating evidence presented pursuant to R.C. 2929.13, as argued by appellant.
Based on the foregoing, the judgment of the trial court is affirmed in part, but the sentence is reversed and remanded for the trial court to comply with R.C. 2929.14(B), 2929.14(C) 2929.19(B), and 2929.14(E)(4).
FORD, P.J., concurs, CHRISTLEY, J., dissents with dissenting opinion.