I respectfully dissent from the opinion and judgment of the majority for the following reasons.
As part of his first assignment of error, appellant argues that the trial court abused its discretion because it did not permit him to view the victim impact statement submitted during the sexual predator hearing. In rejecting his argument, the majority concludes that the victim impact statement does not contain new material facts; that is, the majority believes that those facts which were set forth in the victim's statement can also be found in the presentence investigation report, the psychiatric evaluation, and appellant's guilty plea.
The majority correctly notes that the Supreme Court of Ohio has held that the rules of evidence do not strictly apply to sexual predator hearings. State v. Cook (1998), 83 Ohio St.3d 404, 425. As a result, a trial court conducting a sexual predator hearing may rely upon reliable hearsay, such as a pre-sentence investigation report or a forensic report prepared by a psychologist. Id. See, also, State v. Head (Jan. 19, 2001), Lake App. No. 99-L-152, unreported, 2001 WL 46243.
However, simply because the rules of evidences do not strictly apply does not mean that they are never applicable during a sexual predator hearing. A trial court must not abuse its discretion by admitting unreliable evidence.
R.C. 2947.051(C) provides:
 "A victim impact statement prepared under this section shall be kept confidential and is not a public record as defined in section 149.43 of the Revised Code. However, the court may furnish copies of the statement to both the defendant or the defendant's counsel and the prosecuting attorney. Immediately following the imposition of sentence upon the defendant, the defendant, the defendant's counsel, and the prosecuting attorney shall return to the court the copies of the victim impact statement that were made available to the defendant, the counsel, or the prosecuting attorney." (Emphasis added.)
 Accordingly, under R.C. 2947.051, a victim impact statement is confidential, and a criminal defendant does not have an absolute right to view it. Rather, the decision to furnish a copy of the statement to a criminal defendant is discretionary in nature and will not be overturned absent an abuse of that discretion. State v. Bayless (1982), 4 Ohio App.3d 301, 302. An abuse of discretion connotes more than a mere error of law or judgment; instead, it implies that the attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
After reading the victim impact statement in the case at bar, I conclude that a copy should have been furnished to appellant during the sexual predator hearing. The record shows that appellant was initially indicted on two counts of rape, two counts of sexual battery, and eight counts of gross sexual imposition. However, after negotiating with the state, appellant agreed to plead guilty to both counts of sexual battery and to five of the eight counts of gross sexual imposition in exchange for the dismissal of the remaining charges.
Despite the dismissal of the other charges, the victim's written statement contains a detailed narrative of the sexual abuse that appellant committed against her. The narrative includes conduct that, if true, would assuredly establish the crime of rape.
The majority, however, states that the only fact contained solely in the victim impact statement, and not in other submitted evidential material, is that she attempted to fend off appellant's unwanted actions. Given this assumption, the majority believes that in light of the number of factors that the court relied on in finding that appellant was a sexual predator, this one fact was really immaterial.
Nevertheless, the statements made by the trial court during the hearing unquestionably demonstrate that the court relied heavily on the victim impact statement when making its finding. For example, the trial court made the following comments on the record with respect to its sexual predator determination:
 "The Court has considered the requirements of the statute. And specifically under Section 2950.09 the Court finds that because of the age of the offender, the fact that the victim the fact that this was a sexually oriented offense, and the fact that it took place for an extended period of time; between six to ten years this child was abused and molested by the defendant; the Court finds that the defendant has a history of being part of a dysfunctional family; that the pattern of abuse in this case was a demonstrated pattern; that the defendant knowingly participated in the actions that took place; and it was a progressive thing. He started with minor touching that progressed into actual crimes of rape.
 "And it was over an extended period of time, and it is greatly for that reason, because it was an extended period of time, that the Court is making this decision.
 "That the victim is now under psychiatric care and counseling. And through the extended period of time, in this Court's view there was a display of cruelty in that the victim attempted to fight off the defendant, and attempted to prevent him from performing his activities, but he persisted even though he was told that it was not — his advances were not welcome. So he overrode that attitude and the child now has been damaged, and probably damaged for the rest of her life.
 "Defendant also, the Court takes into consideration, has sporadic episodes of alcohol. And alcohol and sexual deviant behavior, in this Court's view, does not mix.
 "So for the reasons stated just now, the Court finds that the defendant is a sexual predator." (Emphasis added.)
 From the preceding passage, it can readily be seen that the trial court looked at the victim impact statement and picked up on the language used by the victim. This is troubling because, not only did the victim state that the abuse began when she was six years old, a fact nowhere else in the record, but that appellant had actually raped her, when that was not the crime at issue, whether or not the allegations were true.
As these allegations were not included in the other evidential material, appellant did not have the opportunity to rebut them. That is why I believe that that the trial court abused its discretion when it refused to allow appellant to look at the victim impact statement. The trial court's refusal placed appellant in the unenviable position of defending himself against allegations of which he may not have even been aware. Although this may sometimes not effect the ultimate outcome of a particular case, here, it is painfully obvious that the trial court found the victim impact statement to be compelling. Furthermore, while the concerns for appellant's rights in the instant matter may seem misplaced, the worthiness of a defendant should never be considered in the legal analysis of such issues.
Make no mistake, I fully understand and endorse the logic underlying the requirement that victim impact statements be kept confidential. Moreover, I also realize that there will be cases where the contents of a victim impact statement will be fairly innocuous, and that a person will not be prejudiced by not being allowed to review it. However, the General Assembly has expressly provided that in some situations, a criminal defendant should be able to view the statement.[1] This case provides the perfect example for the aforementioned exception. Otherwise, a trial court could never abuse its discretion by withholding a victim impact statement from view by the defense.
As a general proposition, even the majority concedes that a person involved in a sexual predator determination has the right to be made aware of prejudicial evidence upon which the trial court intends to rely. That awareness, however, simply was not provided here.
For the above stated reasons, I would reverse the portion of the trial court's judgment finding appellant to be a sexual predator.
[1] One might well ask what is the point of a victim impact statement in sexual predator proceedings. Regardless, the use of any such statement must comport with the various constitutional safeguards provided criminal defendant's, such as due process, etc.