The STATE of Ohio, Appellee,

v.

STEWART, Appellant.

[Cite as *State v. Stewart,* 149 Ohio App.3d 1, 2002-Ohio-4124.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2001–09–217.

Decided Aug. 12, 2002.

2

Robin N. Piper, Butler County Prosecuting Attorney, and Randi E. Froug, Assistant Prosecuting Attorney, for appellee.

Repper & Powers and Christopher J. Pagan, for appellant.

POWELL, Judge.

{¶ 1}  Defendant–appellant, Dale Stewart, appeals his sentence in the Butler County Court of Common Pleas for sexual battery.

{¶ 2}  In August 2000, appellant pled guilty to a bill of information charging him with two counts of sexual battery in violation of R.C. 2907.03(A)(9).  The charges stemmed from a continuing course of conduct that lasted at least three years during which appellant allegedly engaged in sexual conduct with two teenage boys (ages 14 and 15), which included oral sex and masturbation.  At the time of the offenses, appellant, a former law enforcement officer, was a civilian employee with the Butler County Sheriff's Department and an assistant advisor with the Eagle Scout's Explorers Post program.  The two victims were participants in the Eagle Scout program.

{¶ 3}  The trial court accepted the guilty plea, found appellant to be a sexually oriented offender, and sentenced him to two four-year prison terms to be served consecutively.  Although appellant had never before served a prison term, he was sentenced to more than the minimum term for the sexual battery charges.  This court vacated appellant's sentence on the grounds that the trial court had failed to make the required findings in sentencing appellant to more than the minimum prison term.  *State v. Stewart* (June 25, 2001), Butler App. No. CA2000–11–220, 2001 WL 721352.  On remand, following a sentencing hearing, the trial court again sentenced appellant to two consecutive four-year prison terms.  Appellant appeals and raises two assignments of error.

Assignment of Error No. 1:

{¶ 4}  "The trial court erred in failing to permit appellant with the opportunity to read and rebut sentencing evidence contained in the victim impact statements."

{¶ 5}  Prior to the sentencing hearing, appellant subpoenaed the Butler County Probation Department to provide him with copies of the victim impact statements.  The state filed a motion to quash the subpoena and argued at the sentencing hearing that appellant should not be allowed to review the victim impact statements because the victims had indicated a strong fear of appellant, were concerned about appellant's ability to see what they had told the court, and were scared of retaliation if the statements were disclosed.  The trial court granted the state's motion to quash as follows:

{¶ 6}  "I've reviewed, again, this morning the victim impact statements.  The victim's [sic] names are sprinkled and spread throughout these victim impact statements.  The most recent victim impact statement * * * indicates to this court, once again, the severe emotional trauma and impact that this case has had on these defendants [sic].  * * * [I]t's been brought to the court's attention by the victims that they are in fear of reprisals by the defendant.  And this court is not inclined to risk any more harm coming to these defendants [sic] or their families by the release of the victim impact statements.  Your request is denied[.]"

4

{¶ 7} Under his first assignment of error, appellant presents three issues for our review. Appellant first argues that the trial court's refusal to allow him access to the victim impact statements violated due process.

{¶ 8} R.C. 2947.051(A) requires a trial court to consider the victim impact statements in determining the sentence to be imposed upon an offender. R.C. 2947.051(C) provides that "[a] victim impact statement * * * shall be kept confidential and is not a public record * * *. However, the court may furnish copies of the statement to both the defendant or the defendant's counsel and the prosecuting attorney." In light of the trial court's sound discretion as expressly granted by R.C. 2947.051 and based upon the record before us, we find no violation of due process. See State v. Bayless (1982), 4 Ohio App.3d 301, 4 OBR 552, 448 N.E.2d 511, and State v. Brewton (Mar. 3, 1993), Hamilton App. No. C–920193, 1993 WL 55636.

{¶ 9} In his second issue for review, appellant argues that R.C. 2930.13(B) and 2947.051(C), in combination with R.C. 2951.03(B), violate his right to equal protection of the laws as guaranteed by the Fourteenth Amendment of the Constitution.

{¶ 10} R.C. 2930.13(B) provides that "[i]f a probation officer * * * is preparing a presentence investigation report pursuant to [R.C.] 2951.03 * * * concerning the defendant in the case, the victim may make a written or oral statement regarding the impact of the offense to the probation officer * * *. The probation officer * * * shall use the statement in preparing the presentence investigation report and, upon the victim's request, shall include a written statement submitted by the victim in the presentence investigation report."

{¶ 11} As previously noted, under R.C. 2947.051(C), a victim impact statement is confidential and not a public record, and the decision to release the statement to the defendant and the prosecuting attorney is within the trial court's sound discretion.

{¶ 12} R.C. 2951.03(B)(1) provides that if a presentence investigative report ("PSI") is prepared, the trial court, "at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following: (a) Any recommendation as to sentence; (b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant; (c) Any sources of information obtained upon a promise of confidentiality; (d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person."

{¶ 13} R.C. 2951.03(B)(3), in turn, provides that "[i]f the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence."

{¶ 14} Appellant contends that "Ohio's sentencing statutes provide that re-dacted information from a presentence report must be summarized and disseminated to the defendant, but permit a victim to opt out from including his statement in the presentence report. R.C. 2951.03(B)(1)(a), (B)(3), and 2930.13(B). If opted out, the victim impact statement stands apart, and is not required to be released to the defendant. R.C. 2947.051(C). Consequently, Ohio has produced a classification between defendants who receive sentencing informa-tion, and those that do not. This violates the Equal Protection Clause."

{¶ 15} Appellant's argument assumes that a victim impact statement included in a PSI at the victim's request and redacted from the report under R.C. 2951.03(B)(1) would necessarily be summarized and disseminated to the defen-dant by the trial court pursuant to R.C. 2951.03(B)(3). We agree that a victim impact statement would be redacted from a PSI under R.C. 2951.03(B)(1)(c) or (d). However, R.C. 2951.03(B) clearly provides that when information is not disclosed, a trial court is only required to make a summary of the *factual* information that is not disclosed. See *State v. Roberson* (2001), 141 Ohio App.3d 626, 752 N.E.2d 984. R.C. 2951.03 does not require a trial court to summarize and disseminate information that was not disclosed pursuant to R.C. 2951.03(B)(1). Id.

{¶ 16} Upon reviewing R.C. 2951.03(B), we do not believe that a victim impact statement redacted from the report under R.C. 2951.03(B)(1) constitutes the "factual information" contemplated by the statute. Id. (holding that the only statements not disclosed were the probation officer's recommendations which did not constitute "factual information" as contemplated by the statute). It follows that whether or not a victim impact statement is included in a PSI, it is not required to be released to a defendant. Just because a victim impact statement is included in a PSI does not mean that a defendant will have access to it. We therefore find no constitutional infirmity in R.C. 2930.13(B) and 2947.051(C) on equal protection grounds.

{¶ 17} Finally, in his third issue for review, appellant argues that the trial court's refusal to allow him access to the victim impact statements was an abuse of discretion. At the sentencing hearing, appellant presented "voluminous evidence germane to his fit character, public service record, amenability to therapeutic treatment, sincere remorse, and overall value to his friends, family

and community" in the form of psychiatric reports, letters, "testimony and allocution[.]" Appellant contends that such evidence "could only justify a minimum, concurrent prison term," that by sentencing him to an eight-year prison term, the trial court necessarily completely disregarded his evidence, only to rely upon the secret information contained in the victim impact statements, and that that was an abuse of discretion.

{¶ 18} As previously noted, a trial court is required to consider victim impact statements in determining which sentence to impose upon an offender. R.C. 2947.051(A). However, the decision to provide a defendant or his attorney with copies of victim impact statements rests within the trial court's sound discretion. R.C. 2947.051(C). The purpose of a victim impact statement is to apprise the trial court of "any economic loss suffered by the victim as a result of the offense, [and] identify any physical injury suffered by the victim * * *, any change in the victim's personal welfare or familial relationships * * * and any psychological impact experienced by the victim or the victim's family as a result of the offense * * *." R.C. 2947.051(B).

{¶ 19} Appellant's contention that the trial court completely disregarded his evidence only to rely upon the secret information contained in the victim impact statements is speculative and not supported by the record. In its judgment entry, the trial court stated it had considered the record, the PSI, oral statements (several witnesses testified on behalf of defendant at the sentencing hearing), and any victim impact statement.

{¶ 20} During the sentencing hearing, the trial court also stated that it would consider letters written on behalf of appellant as well as two psychological evaluations of appellant. With regard to the victim impact statements, the trial court noted "for the record that during sentencing the defendant can rest assured that court, A, the victim impact statements do not state anything improper for the record. B, the Court, if they so contained, would not place any weight or consider any improper reference being made in these victim impact statements."

{¶ 21} Upon reviewing the record, including the PSI, the psychological evaluations, and the victim impact statements, we find that while the trial court considered the victim impact statements, the facts ultimately relied upon by the trial court in sentencing appellant were otherwise reflected in the psychological evaluations and the PSI. In light of all of the foregoing, we find that the trial court did not abuse its discretion in denying appellant access to the victim impact statements. Appellant's first assignment of error is overruled.

### Assignment of Error No. 2:

{¶ 22} "The trial court erred by imposing consecutive prison terms."

{¶ 23}  An appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.  R.C. 2953.08(G)(1); *State v. Garcia* (1998), 126 Ohio App.3d 485, 487, 710 N.E.2d 783.  Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. The record that a court considers when reviewing the imposition of a sentence includes (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed.  R.C. 2953.08(F)(1)-(3).

{¶ 24}  Appellant first argues that the record does not support the trial court's decision to sentence him to more than the minimum prison term and to consecutive prison terms.  Appellant concedes that the trial court made the required findings when sentencing him but contends that the "findings are unsupported in the record."

{¶ 25}  A trial court may impose a sentence greater than the minimum term for an offender who, like appellant, has not previously served a prison term, if the court finds on the record that a minimum sentence would demean the seriousness of the offender's conduct, or would not adequately protect the public from future crime by the offender or others.  R.C. 2929.14(B).  The trial court does not need to provide its underlying reasons for finding that a term greater than the minimum should be imposed.  *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus.  Instead, it is sufficient that the record reflects that the trial court engaged in the statutory analysis and determined that one or both of the exceptions under R.C. 2929.14(B) warranted a sentence greater than the minimum.  Id. at 326, 715 N.E.2d 131.

{¶ 26}  Appellant was convicted of two counts of sexual battery in violation of R.C. 2907.03(A)(9), felonies of the third degree.  The possible prison term for each third-degree felony is one, two, three, four, or five years.  R.C. 2929.14(A)(3).  In sentencing appellant to two four-year prison terms, the trial court specifically found in its judgment entry that "the shortest prison term will demean the seriousness of the defendant's conduct and the shortest prison term will not adequately protect the public from future crime by the defendant or others."  The trial court made similar findings on the record at the sentencing hearing.  We therefore find that the trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law.

8

{¶ 27} We now turn to the trial court's decision to impose consecutive prison terms. Under R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that the consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the trial court must find that the consecutive terms are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the trial court must find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) applies. The trial court must state sufficient supporting reasons for the imposition of consecutive sentences. R.C. 2929.19(B)(2)(c); *Edmonson*, 86 Ohio St.3d at 326, 715 N.E.2d 131.

{¶ 28} In its sentencing entry, the trial court found that "[p]ursuant to [R.C.] 2929.14(E) [and] for the reasons stated on the record[,][c]onsecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. * * * The harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct. [R.C. 2929.14(E)(4)(b).]"

{¶ 29} At the sentencing hearing, the trial court stated that "the reason that consecutive sentences are necessary is because for a repeated number of years this defendant engaged in serious—sexual contact, gratification with these children, it was not mere touching, and it was to the point—of sexual gratification. Of repeated contacts with these children over a repeated number of years, using his position as an Eagle Scout, * * * to have access to these children. Place these children in his house, in his car, in his tent, again, so that he could perpetrate these crimes on these * * * innocent kids and their families."

{¶ 30} In considering the seriousness factors as required under R.C. 2929.12, the trial court also stated that it could not "envision a much more serious, calculated, scheme by the defendant to over * * * an extended period of time, to place them self [sic] in a position of trust with these children. To violate his position as an Explorer Scout, as a—as a Special Deputy. A man who wears a gun, who represents the law, to then place himself in position with these children, and manipulate these children, and their parents * * * for his own sexual gratification, on repeated occasions over and over—overnight stays at his house, in which one or more of the children believe that a bunch of Explorer's [sic] were staying at Mr. Stewart's house, instead it's just Mr. Stewart—engaging sexual—explicit, and graphic, sexual contact with these children on a repeated basis.

{¶ 31} " * * * And so while I understand that all these people know what—the good things you've done, and I told you the last time, this is not about the

good things you have done in life.  Yes, that's – that's something this court can consider.  This is about what you did, in this case, to these children, over, and over, and over again.  And the impact that you have on these children and their families, and the scarring that you have done to their development[.]  * * * [T]he victims in this case suffered—serious physical, psychological, and economic harm as a result of these offenses, and continue to this day and continue—as they hear the minimization[1] of the defendant's acts upon these children.  And as they're minimized today, by the defendant."  The trial court also noted that appellant did not have a prior record, had led a prior law-abiding life, and showed significant remorse.

{¶ 32}  Upon reviewing the trial court's sentencing entry and the sentencing hearing, we find that the trial court complied with R.C. 2929.14(E)(4) and made the findings required to impose consecutive prison terms.  Upon thoroughly reviewing the entire record, we also find that the trial court's decision to impose consecutive prison terms is supported by the record and is not contrary to law.

{¶ 33}  In his second assignment of error, appellant also argues that the trial court erred by "failing to assess whether the imposition of consecutive prison sentences was proportionate to similarly situated offenders."

{¶ 34}  In addition to the victim impact statements, appellant also subpoenaed the Butler County Probation Department to bring to the sentencing hearing the "PSI for the last five sexual battery cases done by your office."  The state successfully moved to quash the subpoena.  Appellant did not appeal the trial court's decision to quash the subpoena.  Appellant now contends that absent the record he sought to subpoena, there is no way to determine whether his eight-year prison term was proportionate to other similarly situated offenders.

{¶ 35}  Appellant's argument confuses and commingles two different statutory provisions, to wit, R.C. 2929.11(B) and 2929.14(E).  R.C. 2929.14(E)(4) requires a trial court to find that consecutive sentences are not *disproportionate* to the seriousness of the offender's conduct, whereas R.C. 2929.11(B) provides that a sentence imposed for a felony "shall be * * * *consistent* with sentences imposed for similar crimes committed by similar offenders."  (Emphasis sic.)

---

1.  As the trial court correctly noted, appellant showed significant remorse for the offenses.  However, when appellant addressed the court at his sentencing hearing, he also stated, "And I do understand the allegations and everything as a whole against me.  I want you to understand and allow me to say how sorry I am that I've caused some harm and I cannot apologize enough to the victims and their families[.]  * * * [Spending time in prison] has been all that is necessary for me to reflect on the morals of society and to correct my behavior.  * * * I pray for the mercy of this court for a second chance to show you that I have learned my lesson, and ask for your sincere consideration of a concurrent minimum sentence and/or a suspension of the remainder pending completion of an out patient program.  * * * I sincerely do not want to go back to prison."

{¶ 36}  As previously noted, the trial court did find that appellant's consecutive prison terms were not disproportionate to the seriousness of his conduct. With regard to the consistency of appellant's sentence, we find that appellant was not prevented from making a record that his sentence was not consistent with sentences imposed for similar crimes committed by similar offenders.  While he could not obtain the PSI for the Butler County Probation Department's last five sexual battery cases, appellant could have presented evidence of similar cases by searching available legal databases as was done in *State v. Williams* (Nov. 30, 2000), Lucas App. Nos. L–00–1027 and L–00–1028, 2000 WL 1752889, a case cited by appellant.  Appellant failed to do so.  Appellant's second assignment of error is overruled.

Judgment affirmed.

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.