OPINION
{¶ 1} Defendant-appellant John E. Wallace, II appeals his sentence from the Richland County Court of Common Pleas on one count of corruption of a minor.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 10, 2002, the Richland County Grand Jury indicted appellant on one count of corruption of a minor in violation of R.C.2907.04(A), a felony of the fourth degree. Appellant, after waiving his presence at arraignment, entered a written plea of not guilty to the charge contained in the indictment.
 {¶ 3} Thereafter, on August 6, 2002, appellant withdrew his former not guilty plea and entered a plea of no contest to the charge of corruption of a minor. As memorialized in a Judgment Entry filed on August 7, 2002, the trial court ordered a Presentence Investigation (PSI) and scheduled a sentencing hearing for September 23, 2002. However, the trial court, on its criminal docket, noted in writing, that the sentencing was scheduled for September 19, 2002.
 {¶ 4} At a hearing held on September 19, 2002, the trial court stated, in part, as follows:
 {¶ 5} "THE COURT: At this time, we're going to call 2002 CR 0049H, entitled State of Ohio versus John Ernest Wallace, II. The case has been originally scheduled for the 19th day of September, and this is the 19th day. Somehow or rather, it had been rescheduled for the 23rd, and the attorney for the Defendant, Attorney Mayer, was advised that was the date. That was the date that I had on my pre-sentence, and the Defendant is not here today.
 {¶ 6} "Mr. Mayer is here on behalf of the Defendant. The State of Ohio is represented by Attorney Bambi Couch-Page. The Victims Rights Coordinator of the Prosecuting Attorney's Office has certain witnesses here. Since they are here and they wish to address the Court, they will have an opportunity to do so at this time." Transcript of September 19, 2002, hearing at 3.
 {¶ 7} Both the minor victim's father and mother then addressed the trial court at length. At the conclusion of the September 19, 2002, hearing, the trial court further stated as follows: "This matter is set for sentencing on the 23rd, Monday of next week, and the Defendant will be here at that time, and we'll handle the situation at that time." Transcript of September 19, 2002, hearing at 12.
 {¶ 8} At the start of the September 23, 2002, hearing, the trial court noted that the victim's parents had had an opportunity to appear before the court on September 19, 2002, and that appellant had not been notified to be present on such date. After the trial court indicated that it had "an opportunity to listen to them and their statements and how they've been damaged and hurt in this matter," appellant's counsel stated, in relevant part, as follows:
 {¶ 9} "THE COURT: Attorney Mayer, you have an opportunity to say whatever you would please on behalf of your client in mitigation of sentence and prior to sentencing.
 {¶ 10} "MR. MAYER: Thank you, Your Honor. I was present Friday when the victim's mother, father, and the Shelby patrolman addressed the Court. I have relayed the information to my client, perhaps not as thoroughly as the victims reported in court on Friday, but the gist of their concerns and their feelings in this matter." Transcript of September 23, 2002, hearing at 3, 4. Thereafter, pursuant to a Judgment Entry filed on October 3, 2002, the trial court sentenced appellant to fourteen months in prison.
 {¶ 11} It is from the trial court's October 3, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 12} "THE ABSENCE OF DEFENDANT JOHN E. WALLACE, II AT THE SEPTEMBER 19, 2002 HEARING WHEREIN VICTIM IMPACT TESTIMONY WAS PRESENTED TO THE COURT CONSTITUTED VIOLATIONS OF THE CONFRONTATION CLAUSE OF THE UNITED STATES CONSTITUTION, THE DICTATES OF RULE 43 OF OHIO RULES OF CRIMINAL PROCEDURE AND THE REQUIREMENTS OF SECTION 2930.14 OF THE OHIO REVISED CODE."
 I {¶ 13} Appellant, in his sole assignment of error, argues that the trial court erred when it allowed victim impact testimony to be presented at the September 19, 2002, hearing when appellant was not present at such hearing. We disagree.
 {¶ 14} A defendant has a fundamental right to be present at all critical stages of his criminal trial. State v. Hill, 73 Ohio St.3d 433,444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that is critical to its outcome when his or her absence may frustrate the fairness of the proceedings. Kentuckyv. Stincer (1987), 482 U.S. 730, 745, 107 S.Ct. 2658. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, "the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *."
 {¶ 15} As is stated above, while the trial court's docket indicates that the sentencing hearing was scheduled for September 19, 2002, the trial court, in its August 7, 2002 entry, stated that the sentencing hearing was scheduled for September 23, 2002. For such reason, appellant was not present at the September 19, 2002, hearing. However, despite appellant's absence, the trial court allowed the victim's parents to testify (not under oath) at length in regard to the harm that appellant inflicted upon their child and the impact of the same on them.
 {¶ 16} We find, however, that appellant's presence was not required when the unsworn oral victim impact statements were presented to the trial court since the statements do not constitute a critical stage of the sentencing procedure. The oral statements are comparable to written victim impact statements. Revised Code 2947.051(C) provides that "[a] victim impact statement shall be kept confidential and is not a public record. However, the court may furnish copies of the statement to both the defendant or the defendant's counsel and the prosecuting attorney." It is within the trial court's discretion whether to make a victim impact statement available to a defendant. State v. Bayless
(1982), 4 Ohio App.3d 301, 448 N.E.2d 511.
 {¶ 17} Moreover, pursuant to R.C. 2930.13(B), a victim impact statement is often part of a presentence investigation report. Whether or not a victim impact statement is included in a presentence investigation report, it is not required to be released to a defendant. See State v.Stewart, 149 Ohio App.3d 1, 2002-Ohio-4124, 775 N.E.2d 563. "Just because a victim impact statement is included in a PSI does not mean that a defendant will have access to it." Id. at 4. See also R.C. 2951.03(B).
 {¶ 18} Finally, we note that appellant's attorney never objected to the presentation of the victim impact testimony at the hearing on September 19, 2002. Moreover, at the subsequent hearing on September 23, 2002, appellant's counsel relayed the information contained in the same to appellant, namely, the "gist of their [the victims'] concerns and their feelings in this matter." Thus, appellant was not prejudiced by his lack of attendance on September 19, 2002.
 {¶ 19} Based on the foregoing, appellant's sole assignment of error is overruled.
 {¶ 20} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
By Edwards, J., Gwin, P.J., dissents, and Farmer, J., concurs.