[Cite as *State v. Rosencranz*, 2019-Ohio-2392.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2019AP010002 |
| | : | |
| ALEXANDER ROSENCRANZ | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County Court of Common Pleas, case no. 2018CR040117

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      June 14, 2019

APPEARANCES:

For Plaintiff-Appellee:

AMANDA K. MILLER
125 East High Ave.
New Philadelphia, OH 44663

For Defendant-Appellant:

LINDSEY K. DONEHUE-ANGLER
120 Southgate Parkway
Cambridge, OH 43725

*Delaney, J.*

{¶1} Appellant Alexander Rosencranz appeals from the Judgment Entry of Sentencing of the Tuscarawas County Court of Common Pleas dated December 20, 2018. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal conviction is not necessary to our resolution of this appeal. Between the dates of July 5, 2017 and August 1, 2017, appellant had unlawful sexual conduct with an individual whose date of birth was July 25, 2004.

{¶3} Appellant was charged by indictment with one count of unlawful sexual conduct with a minor pursuant to R.C. 2907.04(A) and (B)(1), a felony of the fourth degree.

{¶4} On November 6, 2018, appellant appeared before the trial court and changed his previously-entered plea of not guilty to one of no contest. On December 18, 2018, the trial court sentenced appellant to a prison term of 18 months.

{¶5} Appellant raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶6} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO PERMIT COUNSEL TO REVIEW THE VICTIM IMPACT STATEMENT."

{¶7} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY VIOLATING O.R.C. 2929.11(B)."

**ANALYSIS**

I.

{¶8}   In his first assignment of error, appellant argues the trial court committed plain error in refusing to permit counsel to review the victim impact statement.   We disagree.

{¶9}   The trial court is required to consider the victim impact statement in any criminal case in which a felony offender caused, attempted to cause, threatened to cause, or created a risk of physical harm to the victim in committing the offense.   R.C. 2947.051(A).   Regarding disclosure of a victim impact statement prepared for the court, R.C. 2947.051(C) states in pertinent part, "A victim impact statement prepared under this section shall be kept confidential and is not a public record as defined in section 149.43 of the Revised Code. However, the court may furnish copies of the statement to both the defendant or the defendant's counsel and the prosecuting attorney. * * * *."

{¶10} A trial court's decision to deny a defendant access to a victim impact statement is neither a denial of due process nor a violation of equal protection.  See, *State v. Stewart*, 149 Ohio App.3d 1, 2002-Ohio-4124, 775 N.E.2d 563 (12th Dist.).   A trial court's decision not to release a victim impact statement is generally reviewed for an abuse of discretion.  *Id.,* 2002-Ohio-4124 at ¶ 11.

{¶11} In the instant case, the issue of the victim impact statement arose at sentencing.   Upon opening the hearing, the trial court stated it reviewed a defense sentencing memorandum, a presentence investigation report (P.S.I.), a Melymbrosia report, and "victim impact statements." T. 2.  The father of the minor victim made an oral statement at sentencing.  T. 3-4.   When the defense was given an opportunity to make

a statement, counsel stated he had reviewed the P.S.I. and there was a factual dispute as to whether the victim was 12 or 13 at the time of the offense.[1]  The following comments were made:

> * * * *.
>
> [DEFENSE COUNSEL:]  I, I also had an opportunity to review [the P.S.I.] and I did not see a copy of the victim impact statement in the report.
>
> THE COURT:  That is for me, those are written for the Court.
>
> [DEFENSE COUNSEL:]  Okay.  But would I have an opportunity to review that?
>
> THE COURT:  No.
>
> [DEFENSE COUNSEL:]  Okay.  Alright.  Subject to that, your honor, I don't, I don't believe there were any, any other corrections or objections to anything in the P.S.I.  * * * *.
>
> T. 6.

{¶12} Defense trial counsel advocated for a term of community control, as urged in the defense sentencing memorandum and as recommended by appellee.  The trial court sentenced appellant to a prison term of 18 months, noting that the victim impact statements were a factor in weighing the seriousness of the offense:

> * * * *.  But I don't want to overlook that there is also a burden and a lasting impact on, not only the child victim, but her parents.

---

[1] As noted supra, the date of the victim's 13th birthday was during the indicted course of conduct.

So, in reading through the, the victim impact statement, there is a ripple effect to the crime and it really, it doesn't have to be a sex crime. Anyone who sits in the chair where you are, there is a ripple effect to that crime. And so, it's a large part of that of course is we look at the impact to this victim. * * * *. And a child who is not legally capable of consenting to this kind of activity. And a child who, by her own handwritten impact statement, has described for me an affect (*sic*) on her social interactions, her disposition, her grades, and a variety of other feelings that, that this has caused her. Confusion, grief, depression, anxiety, sadness, guilt, fear, anger, trouble with concentrating, and a lack of trust. She's, she's listed several things. I won't read the entire thing, but I did read it. And then, both of her parents also describe how, how that impact, as I said, ripples to them, causing great emotional harm to them as well. And those are the things that make this more serious. * * * *.

T. 13-14.

{¶13} The trial court went on to note that other factors weighing in the seriousness of the offense included appellant's failure to take responsibility for his conduct, which was noted in his statement to the trial court and in the report from Melymbrosia. The Melymbrosia report indicated appellant's risk of re-offending was higher because, although he had no criminal history, he was not taking accountability for this crime. T. 15.

{¶14} Appellant argues on appeal, however, that the trial court committed plain error in refusing to permit defense trial counsel to review the victim impact statements.

As is apparent from the conversation cited supra, counsel's request to see the victim impact statements was ambiguous at best and no objection was raised when the trial court demurred.  A defendant's failure to object to the trial court's use of victim impact statements requires a plain error review. *State v. Randlett*, 10th Dist. Franklin No. 03AP-385, 2003-Ohio-6934, ¶ 49, appeal not allowed, 102 Ohio St.3d 1447, 2004-Ohio-2263, 808 N.E.2d 398.

{¶15} Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  The rule places several limitations on a reviewing court's determination to correct an error despite the absence of timely objection at trial: (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," that is, an error that constitutes "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights" such that "the trial court's error must have affected the outcome of the trial."  *State v. Dunn*, 5th Dist. No. 2008-CA-00137, 2009-Ohio-1688, citing *State v. Morales*, 10 Dist. Nos. 03-AP-318, 03-AP-319, 2004-Ohio-3391, at ¶ 19 (citation omitted).

{¶16} The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *Barnes*, supra, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶17} The instant case is similar to *Randlett,* supra, which also involves plain-error review of a trial court's decision not to disclose victim-impact statements to the defense. 2003-Ohio-6934, supra, at ¶ 50.  In that case, also involving child sex abuse, the Tenth District Court of Appeals found no plain error "because the trial court placed on the record

those aspects of the victim impact statements on which it relied to impose its sentence," in effect advising the defendant of the content of the statements and giving the defendant the opportunity to respond, if appropriate. *Id.* at ¶ 54.  The defendant was "therefore not sentenced on the basis of victim impact statements whose content was unknown to him," and there was no plain error. *Id.*

{¶18} We find the *Randlett* analysis applicable in the instant case because the trial court revealed the aspects of the victim-impact statements which were significant to the sentencing decision.

{¶19} Appellant cites another case arising from the same trial court, *State v. Garcia*, 5th Dist. Tuscarawas No. 2018AP060024, 2018-Ohio-4818, in which a defendant was sentenced to a prison term of 8 months upon one count of unlawful sexual conduct with a minor.  Appellant argues the only "significant" difference between the instant case and *Garcia* is the "apparent desires of the victim or the victim's representative."  Brief, 10. Appellant concludes the trial court in the instant case abused its discretion in yielding to the request of the victim's family, resulting in a longer prison term.  While we find a number of significant differences between *Garcia* and the instant case, we note this argument does not support appellant's assignment of error regarding nondisclosure of the victim impact statements.  Appellant's complaint is that the victim's family asked for prison time. The victim's father made his request on the record, in open court, and stated that he wanted appellant to serve the maximum sentence.  The statement was, in fact, made directly to appellant.  There is no indication in the record that the father's sentencing request was adopted from the trial court, but moreover, the father's sentencing request

was fully known to appellant and was not hidden away in the victim impact statement. Appellant's reliance upon *Garcia* in this context is misplaced.

{¶20} The trial court did not commit plain error in not releasing the victim impact statements to defense trial counsel. Appellant's first assignment of error is therefore overruled.

II.

{¶21} In his second assignment of error, appellant argues the trial court abused its discretion in imposing a prison term of 18 months upon appellant. We disagree.

{¶22} Appellant argues the trial court violated R.C. 2929.11(B), requiring that a felony sentence should be consistent with sentences imposed for similar crimes upon similar offenders. Appellant cites two cases arising from the same trial court involving sex offenses with minors: *State v. Stevens*, 5th Dist. Tuscarawas No. 2000 AP 11 0083, 2001 WL 698142 [plea to one count of corruption of a minor, sentence of 18 months based in part upon extensive criminal history] and *State v. Reynolds*, 5th Dist. Tuscarawas No. 2000 AP 11 0080, 2001 WL 881786 [plea to one count of corruption of a minor, sentence of 14 months, prior sex offense against a child].

{¶23} Our review of these cases indicates their only similarity to the case at bar is the fact that they arose in the same trial court and involved sexual conduct with minors. Although appellant has not framed his argument in terms of disproportionate sentencing, he summarily argues his sentence is disproportionate to those of these (purportedly) similarly-situated individuals. A felony sentence should be proportionate to the severity of the offense committed so as not to "shock the sense of justice in the community." *State v. Chafin,* 30 Ohio St.2d 13, 17, 282 N.E.2d 46; R.C. 2929.11(B). A defendant alleging

disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *." *State v. Ewert,* 5th Dist. Muskingum No. CT2012–0002, 2012–Ohio–2671, ¶ 33, citing *State v. Breeden,* 8th Dist. No. 84663, 2005–Ohio–510, ¶ 81. Appellant has failed to provide any evidence his sentence is constitutionally disproportionate.  See, *State v. Artripe*, 5th Dist. Knox No. 15CA7, 2015-Ohio-4155, ¶ 15.

{¶24} In the instant case, on the record at the sentencing hearing, the trial court noted it considered the purposes and principles of sentencing contained in R.C. 2929.11 and considered the seriousness factors of R.C. 2929.12. The trial court cited the relevant factors listed in its sentencing entry, to wit: the injury to the victim was worsened because of the age of the victim, as the victim was age 12 at the time of the offense and appellant was age 19; the victim suffered serious psychological harm, as it affected her grades, disposition, and social interactions; the crime also caused emotional and psychological harm to the victim's parents; appellant demonstrates no genuine remorse; and the sex offender evaluation indicates a moderate risk for sexual reoffending, with a need for treatment to take greater accountability for the crime. The prison term of 18 months is within the statutory range for the offense and is in accordance with law. R.C. 2907.04(B)(1); R.C. 2929.14(A). We further find the sentence of the trial court is supported by the record and does not constitute an abuse of discretion.

{¶25} Appellant's second assignment of error is overruled.

## CONCLUSION

{¶26} Appellant's two assignments of error are overruled and the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, J. and

Wise, John, J., concur.