DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of possession of cocaine and sentenced him to a 12-month term of imprisonment. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth the following four "arguments" as his assignments of error:
 {¶ 3} "I. The sentencing court denied the appellant due process of law at the sentencing hearing.
 {¶ 4} "II. The appellant's court appointed attorney was ineffective.
 {¶ 5} "III. The appellant's imposed sentence is contrary to law.
 {¶ 6} "IV. The trial court erred in denying appellant credit for time served in a community based correctional facility."
 {¶ 7} The undisputed facts relevant to the issues raised on appeal are as follows. On March 14, 2003, appellant was indicted on one count of possession of cocaine, in violation of R.C.2925.11(A) and (C)(4)(a), and one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(a). On June 23, 2003, appellant entered a plea of no contest to a violation of R.C. 2925.11(A) and (C)(4)(c), a felony of the 5th degree. Appellant was ordered to serve three years of community control, which included six months at the Correctional Treatment Facility. On June 7, 2004, a capias was ordered at the request of the Lucas County Adult Probation Department based on allegations appellant had violated the conditions of his community control by testing positive for cocaine and failing to report to his probation officer. Appellant was arrested and, on December 15, 2004, the trial court revoked his community control and ordered him to serve a 12-month prison sentence.
 {¶ 8} In his first assignment of error, appellant asserts he was denied due process of law at his sentencing hearing on December 15, 2004, because the trial court relied on a presentence investigation report which he had not been allowed to review before the hearing. Appellant claims the trial court should have given him the opportunity to explain information as to his prior criminal record. In support, appellant citesGardner v. Florida (1976), 430 U.S. 349, a death penalty case in which the United States Supreme Court held that a defendant in a criminal case has the right to inspect and rebut any information in a presentence report upon which the sentencing judge relies. This court, however, has concluded that "* * * theGardner holding requiring full disclosure applies only to death penalty cases where rehabilitation is no longer an issue." Statev. Roberson (2001), 141 Ohio App.3d 626. In this case, the trial court noted it had reviewed the presentence investigation report. As appellant admits, trial counsel stated he had read the report and it appeared accurate. Based on our holding in Roberson,
supra, we find that the trial court did not err and, accordingly, appellant's first assignment of error is not well-taken.
 {¶ 9} In his second assignment of error, appellant asserts trial counsel was ineffective because he failed to provide appellant with a copy of the presentence investigation report, did not "allow" him to have a full hearing regarding whether he violated probation even though appellant requested such a hearing, failed to produce letters appellant had asked him to provide to the court at sentencing, and did not "allow" appellant to speak on his own behalf at sentencing. Appellant refers to "counsel's plea to the probation violation" and states that but for "the attorney's admission," he may not have been found guilty of the violation.
 {¶ 10} To prevail on a claim of ineffective assistance of counsel, appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin
(1988), 37 Ohio St.3d 153.
 {¶ 11} As we discussed above, there was no error as to the presentence investigation report. Trial counsel did not prevent appellant from having a full hearing; in fact, the record reflects counsel previously asked for and received a continuance in order to investigate the community control violation issue and allow time for the presentence investigation prior to final hearing. Further, counsel did not prevent appellant from speaking on his own behalf at the hearing; trial counsel does not control the courtroom proceedings. The transcript of the sentencing hearing shows that trial counsel spoke at length on appellant's behalf, highlighting what he considered the more positive aspects of appellant's recent behavior and asking the court to consider electronic monitoring. While appellant does not provide details as to the letters he states counsel should have produced at his hearing, we find that the record does contain two pieces of correspondence from staff at the Lucas County Correctional Treatment Facility indicating that he successfully completed treatment. However, those documents are attached to a "Motion for Jail Time Credit" appellant filed January 27, 2005, approximately six weeks after his hearing. Appellant has not shown that he did in fact ask counsel to submit the documents to the trial court or that counsel had access to them at the time of the hearing on December 15, 2004.
 {¶ 12} Appellant has not proven there exists a reasonable probability that, were it not for counsel's actions as described above, the result of the hearing would have been different. SeeStrickland, supra. Based on the foregoing, we find trial counsel's representation did not fall below an objective standard of reasonableness and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 13} In his third assignment of error, appellant asserts the trial court failed to comply with the requirements set forth in R.C. 2929.19 (A) and (B)(1) and R.C. 2929.14(C) for the imposition of a prison sentence. We note first that this court has held that "* * * a defendant at a community control revocation hearing need not be afforded the full panoply of rights given a defendant in a criminal proceeding." State v.Malone, 6th Dist. No. L-03-1299, 2004-Ohio-5246, ¶ 13, 14. InMalone, we explained that the revocation of community control is governed by Crim.R. 32.3, which states in relevant part:
 {¶ 14} "(A) The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. * * *
 {¶ 15} "(B) The defendant shall have the right to be represented by retained counsel and shall be so advised. * * *"
 {¶ 16} Based on the foregoing, we find that appellant was given the opportunity for a hearing at which he was present and represented by retained counsel. Therefore, the requirements of Crim.R. 32.3 were met.
 {¶ 17} Twelve months is the maximum sentence a trial court may impose for a fifth-degree felony. As to the imposition of a maximum sentence, pursuant to R.C. 2929.14(C), the sentencing court may impose the longest sentence authorized for an offense only if it finds that the offender committed the worst form of the offense, poses the greatest likelihood of committing future crimes, is a major drug offender, or is a repeat violent offender. Further, the sentencing court must state the reasons that support its findings on the record during the sentencing hearing. R.C. 2929.19(B)(2)(d).
 {¶ 18} Upon review of the transcript of appellant's sentencing hearing, we find the trial court complied with the requirements for imposition of a maximum sentence. At the hearing, the trial court found that appellant poses the greatest likelihood of recidivism based upon his prior incarcerations. In further support of the sentence imposed, the trial court referred to appellant's 28 criminal convictions, which include 16 felonies, and noted appellant had committed the offense while on community control. The trial court further found that appellant is in need of substance abuse counseling and ordered that he be screened and placed in an appropriate treatment program. Based on the foregoing, appellant's third assignment of error is not well-taken.
 {¶ 19} In his fourth assignment of error, appellant asserts the trial court failed to grant him credit for time served in a community based correctional facility. Appellant does not state how many days he was "confined" at the facility or specify how many additional days credit the trial court should have granted. The record reflects that at sentencing, the trial court granted appellant 261 days credit as of that date for time served, along with time for future days in custody while he awaited transportation to the appropriate state institution. Other than the trial court's statement at sentencing, the record before us does not contain any documentation of the number of days appellant spent in custody prior to sentencing. We are therefore unable to find that the trial court's determination of 261 days credit was in error and, accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 20} Upon consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. concur.